UNITED STATES of America, Appellee,

v.

**Vaughn EHRET, Appellant.**

No. 88–2749.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1989.

Decided Sept. 13, 1989.

---

Mark C. Myers, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.

---

* The Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

McMILLIAN, Circuit Judge.

Vaughn Ehret appeals from a final judgment entered in the District Court [1] for the Northern District of Iowa upon his guilty plea, pursuant to a plea agreement, to distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. § 846, and witness harassment in violation of 18 U.S.C. § 1512(c). Ehret does not contest the underlying conviction, but argues that the district court imposed an improper sentence under the 1984 Sentencing Guidelines. 18 U.S.C. § 3742(a). The district court sentenced Ehret under the Guidelines to a total of 96 months imprisonment, 5 years supervised release and a $125 special assessment.[2] For reversal Ehret argues the district erred in (1) using the clear and convincing evidence standard of proof, (2) making certain factual findings, (3) applying the Guidelines, and (4) ordering him to pay a special assessment. For the reasons discussed below, we affirm the judgment of the district court.

According to the government, Ehret had been involved, on a relatively modest scale, in the distribution of marijuana and cocaine in the Cedar Rapids area for a number of years. The government specifically charged that in February 1988 Ehret distributed one pound of marijuana; from 1987 to March 1, 1988, he conspired with Tim Shelton and another individual to distribute and possess with intent to distribute marijuana and 1 kilo of cocaine and provided $8,000 as part of the purchase price for the cocaine; and in March 1988 he left a message on a telephone answering machine that threatened a government witness. Following plea negotiations, Ehret pled guilty to the three counts described above. Subsequently, the probation officer prepared a presentence report, and the district court held a sentencing hearing.

At the sentencing hearing, Shelton, who had agreed to cooperate with the government, testified that, over a period of several years, he bought small amounts of marijuana and cocaine from Ehret and that, during the fall of 1987, he saw approximately 1 kilo of cocaine in Ehret's house. A state drug enforcement agent testified that, during the search of Ehret's house pursuant to a search warrant, he found a loaded handgun in a shoulder holster in what appeared to be Ehret's bedroom. The officers also found marijuana, drug paraphernalia, ammunition, and substantial amounts of currency in other parts of the house.

In making its factual findings, the district court placed the burden of persuasion and production on the government and applied the clear and convincing evidence standard of proof. The district court found that (1) the total amount of drugs involved was 559 grams of heroin equivalent, for a base offense level of 28; (2) Ehret possessed a weapon during the commission of the conspiracy, a two level increase; (3) the coconspirators were of "roughly equal culpability" and thus made no adjustment for Ehret's role in the offense; (4) Ehret demonstrated acceptance of personal responsibility, a two level decrease; and (5) the multiple count adjustment pursuant to Guideline §§ 2J1.2, 2X3.1, was not warranted. The district court calculated the total offense level as 28, resulting in a sentencing guideline range of 78–97 months (Ehret's criminal history category was I). The district court then imposed a prison term of 96 months. Although not required to do so by the Guidelines because the sentencing range did not exceed 24 months, the district court explained that a term near the upper limit of the sentencing range had been selected because Ehret used drugs and had supported himself on drug profits.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. The district court sentenced Ehret to 60 months imprisonment and 3 years supervised release for the distribution count, 96 months and 5 years supervised release for the conspiracy count, and 12 months imprisonment and 1 year supervised release for the witness harassment count, all to be served concurrently.

## STANDARD OF PROOF

■ Ehret first argues the district court erroneously applied the clear and convincing evidence standard of proof in making the findings of fact relied on in sentencing. Ehret argues that the findings of fact used to determine the base offense level, such as the quantity of drugs, should be determined by using the beyond a reasonable doubt standard of proof and that findings of fact used to adjust the base offense level, such as possession of a weapon, should be determined by using the "clear, unequivocal and convincing evidence" standard of proof. *See United States v. Fatico,* 458 F.Supp. 388, 402–06 (E.D.N.Y.1978), *aff'd,* 603 F.2d 1053 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

The government argues that no formal standard of proof is constitutionally required for sentencing, citing *McMillan v. Pennsylvania,* 477 U.S. 79, 92 & n. 8, 106 S.Ct. 2411, 2419 & n. 8, 91 L.Ed.2d 67 (1986). In the alternative, the government urges the court to adopt the preponderance of the evidence standard of proof. *E.g., United States v. Dolan,* 701 F.Supp. 138, 140 (E.D.Tenn.1988).

In the present case the district court applied the clear and convincing evidence standard of proof. We hold only that the district court did not err in using this standard of proof to make factual findings for sentencing under the Guidelines. The Guidelines do not prescribe a particular standard of proof. Pre–Guidelines case law clearly established that the government need not prove the facts used in sentencing "beyond a reasonable doubt." *E.g., United States v. Davis,* 710 F.2d 104, 106 (3d Cir.), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983). The Supreme Court has held that the use of the preponderance standard in sentencing proceedings does not violate due process. *McMillan v. Pennsylvania,* 477 U.S. at 91, 106 S.Ct. at 2419 (rejecting clear and convincing evidence standard of proof); *Patterson v. New York,* 432 U.S. 197, 214, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281 (1977) (rejecting beyond a reasonable doubt standard

of proof). In *McMillan v. Pennsylvania,* the Court observed that "[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all" and declined to "constitutionalize" burdens of proof at sentencing. 477 U.S. at 92, 106 S.Ct. at 2419. We leave open for decision in future Guidelines cases whether the district courts should apply the preponderance standard or any standard of proof at all. *See United States v. Wright,* 873 F.2d 437, 441–42 (1st Cir.1989) (adopting preponderance standard for sentence imposed pursuant to Guidelines); *cf. United States v. Restrepo,* 832 F.2d 146, 149–50 (11th Cir.1987) (pre-Guidelines) (rejecting preponderance of evidence standard of proof; government need only produce "some reliable proof").

## SUFFICIENCY OF THE EVIDENCE

Ehret next argues the district court's findings of fact that he possessed 1 kilo of cocaine in 1987 and a weapon during the conspiracy are not supported by the evidence. He argues that the finding that he possessed 1 kilo of cocaine in 1987 was based only upon the uncorroborated testimony of a coconspirator who had become a government witness. He also argues that his possession of the cocaine and the weapon was unconnected to the conspiracy—the cocaine too distant in time and the weapon too distant in location—and therefore should not have been considered by the district court in determining his sentence.

■ The government argues that, for purposes of sentencing under the Guidelines, possession is a factual determination subject to appellate review under the clearly erroneous standard of review. We agree. *See* 18 U.S.C. § 3742(d); *cf. United States v. Wright,* 873 F.2d at 443–44 (defendant's "role in the offense" is factual finding subject to clearly erroneous review); *United States v. Mejia–Orosco,* 867 F.2d 216, 220–21 (5th Cir.) (same), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). We will give "due deference" to the district court's application of the Guidelines to those facts. *See* 18 U.S.C. § 3742(d).

■ Having reviewed the record in this case, we cannot say that the district court's findings that Ehret possessed 1 kilo of cocaine in 1987 and a weapon during the commission of the conspiracy were clearly erroneous. At the sentencing hearing, Shelton, one of Ehret's coconspirators, testified that he had seen 1 kilo of cocaine in Ehret's house in 1987, and a state drug enforcement agent testified that a loaded handgun in a shoulder holster had been found in Ehret's bedroom immediately after Ehret's arrest for conspiracy. Because the district court found that Ehret had "possessed" both the kilo of cocaine and the handgun and that his possession of both was related to the ongoing conspiracy to distribute marijuana and cocaine, the district court properly considered this conduct in imposing sentence. *See* Guideline § 1B1.3(a) (conduct "relevant" to offense of conviction).

## "MISAPPLICATION" OF GUIDELINES

Ehret next argues the district court misapplied the Guidelines by "punishing" him for refusing to cooperate with the government and for "making a living by dealing drugs" and by considering the total amount of cocaine he intended to purchase instead of the lesser amount he could have purchased with the money he had. We assume for purposes of analysis that these claims allege the district court "misapplied" the Guidelines and are therefore subject to appellate review under 18 U.S.C. § 3742(d)(2).

■ We find no merit in Ehret's misapplication arguments. The district court did not increase Ehret's sentence because he refused to cooperate with the government; instead, the district court declined to reduce his sentence under Guideline § 5K1.1 (court may reduce sentence if defendant provides substantial assistance in investigation or prosecution of another who has committed an offense). *See United States v. Wright*, 873 F.2d at 442 (discussing reduction for cooperation with the government).

■ Nor did the district court misapply the Guidelines by imposing a sentence at the upper end of the applicable sentencing guideline range because Ehret made a living by dealing drugs. We note that the criminal livelihood guideline used to determine criminal history has no effect in cases like the present one where the criminal offense level is greater than 13. *See* Guideline § 4B1.3. Ehret's 96-month sentence was within the applicable sentencing guideline range of 78–97 months. In any event, because the spread of the applicable guideline range was less than 24 months, the district court did not have to state its reasons for imposing sentence at a particular point *within* the applicable range. *See* 18 U.S.C. § 3553(c)(1).

■ Finally, the district court did not misapply the Guidelines by considering the total amount of cocaine Ehret intended to purchase instead of the lesser amount he could have purchased with the money he had at the time of his arrest. Under Guideline § 2D1.4 application note 1, "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount."

## SPECIAL ASSESSMENT

■ As noted above, the district court ordered appellant to pay a special assessment of $125. Ehret argues the special assessment provision, 18 U.S.C. § 3013, is unconstitutional because it originated in the Senate and not the House of Representatives in violation of the origination clause. The origination clause provides that "[a]ll Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills." U.S. Const. art. I, § 7. Although the author is inclined to agree with this argument on the merits, *see United States v. Munoz–Flores*, 863 F.2d 654, 657–61 (9th Cir.1988) (holding special assessment provision violates the origination clause), *petition for cert. filed*, 57 U.S.L.W. 3814 (U.S. May 30, 1989) (No. 88–1932), we do not reach the merits because Ehret did not raise this issue in district court and thus failed to preserve it for

appellate review. *E.g., United States v. Eisenberg,* 807 F.2d 1446, 1455 (8th Cir. 1986) (confrontation objection raised for the first time on appeal).

Accordingly, the judgment of the district court is affirmed.