UNITED STATES of America, Appellee,

v.

**Ronnie W. GOODEN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**James Robert KEENER, Appellant.**

**Nos. 88–2808, 88–2809.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1989.

Decided Dec. 22, 1989.

R. Steven Brown, and Ronald Conway, Springfield, Mo., for appellant.

Gregory K. Johnson, Springfield, Mo., for appellee.

Before McMILLIAN, BOWMAN, Circuit Judges, and DUMBAULD, Senior District Judge.*

BOWMAN, Circuit Judge.

James R. Keener and Ronnie W. Gooden, having been tried jointly and convicted on various cocaine charges, appeal. Keener was convicted on three counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) (1982), and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1982). Gooden was found guilty on one count of distributing cocaine and one count of conspiracy to distribute cocaine. Both men were sentenced under the Sentencing Guidelines and received seven year sentences. Appellants argue that the District Court[1] erred in (1) applying the Sentencing Guidelines to uncharged conduct that was proved by a preponderance of the evidence at the sentencing hearing; (2) finding that the uncharged conduct was part of the same common scheme or the same course of conduct as the charged offenses; and (3) rejecting their motions challenging the sufficiency of the government's evidence. We affirm the judgments of the District Court.

I.

Through the testimony of a confidential informant named Phil Hunter and the testimony of various law enforcement officers, including Special Agent Larry Nolan of the Federal Bureau of Investigation, the government placed evidence before the jury to show that Hunter made controlled buys of cocaine from Keener and Gooden in the fall of 1987. Specifically, the government's evidence showed that Hunter purchased cocaine from Keener on September 28 and October 14, 1987, and that both Keener and Gooden participated in selling cocaine to Hunter on November 10, 1987. All three of these drug transactions took place under the surveillance of FBI agents and local law enforcement officers. Hunter was wired and his conversations with Keener and, in the case of the November 10, 1987 transaction, with both Keener and Gooden, were recorded. During the November 10 sale of cocaine to Hunter both Keener and Gooden discussed with Hunter not only that particular transaction but also possible future drug transactions.

Hunter's testimony described his relationship with Keener and Gooden prior to his becoming a confidential informant, including his delivery, at the request of Keener and Gooden, of an ounce of cocaine to an individual in Branson, Missouri, in June 1987. He testified that he acceded to this request out of fear of the defendants. Hunter's testimony, corroborated by the testimony of his wife, also detailed the strong-arm tactics later used by Keener and Gooden in their efforts to make Hunter pay $2,000, which they claimed he owed them for this ounce of cocaine.

After the government rested its case, Gooden took the stand and denied any in-

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

volvement in the drug transactions. Keener also took the stand and testified that he was not involved in the sale of drugs. The jury found Keener and Gooden guilty of distribution and conspiracy to distribute, as set forth at the beginning of this opinion.

A sentencing hearing was held at which John Mann testified for the government. Mann had been indicted a few months earlier by a federal grand jury in Tulsa, Oklahoma, for conspiracy to distribute cocaine and two counts of using a telephone to facilitate a drug transaction. Mann had entered into a plea bargain whereby he pled guilty to one of the telephone counts and agreed to cooperate with the government, and the government dropped the remaining counts. At the time of his testimony, Mann was awaiting sentencing.

Mann testified that during the latter part of February 1988, he had conversations with Keener and Gooden concerning the purchase of a kilo of cocaine. Mann advanced $32,500 to Gooden. About three weeks later, Gooden called Mann and said that he had returned with the cocaine and would bring it to Mann's house. That afternoon both defendants arrived at Mann's house and Keener carried in an ice chest containing the kilo of cocaine. Approximately four to five weeks later, Mann contacted the defendants again and discussed the further purchase of cocaine. At that time Mann advanced $30,000 to the defendants and agreed to pay an additional $2,500 when the drugs were delivered. Shortly after this, Gooden phoned Mann and told him to go to a house on Brownell Street in Joplin, Missouri, to pick up the cocaine. Mann went to the house, paid the additional $2,500, and received a kilo of cocaine. Both Keener and Gooden were present during this transaction.

Mann further testified that during the period of 1985 to September 1987 he was distributing cocaine. Mann estimated that during this time he sold approximately 24 ounces of cocaine to Gooden at $1600 an ounce.

Defendants did not offer any evidence to rebut Mann's testimony and neither Keener nor Gooden took the stand at the sentencing hearing.

The District Court found that the government had proved the defendants' sale of the two kilos of cocaine to Mann by a preponderance of the evidence, and implicitly found that these drug transactions were part of the same course of conduct or common scheme as the counts of conviction. The court therefore added these two kilograms to the amounts of cocaine involved in the counts of conviction and determined that the base offense level for the defendants was level 28. *See* Federal Sentencing Guidelines § 2D1.1(a)(3), at 2.37. Both defendants were sentenced to seven years for each count on which they were convicted, with the sentences to run concurrently.

## II.

Appellants' first argument is that in calculating their sentences the District Court erred by considering uncharged drug transactions proved at the sentencing hearing by only a preponderance of the evidence. Appellants assert that raising their base offense level under the Sentencing Guidelines based on facts found by a preponderance of the evidence violates due process. We disagree.

■ The Guidelines themselves do not prescribe a particular standard of proof. They do, however, advise that

[i]n resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has *sufficient indicia of reliability* to support its probable accuracy.

Federal Sentencing Guidelines § 6A1.3(a), at 6.2 (emphasis added). The Commentary to this section recognizes that because the "court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment," appropriate procedures are required to ensure that "the sentencing process is … accurate and fair." *Id.* commentary at 6.2. The Commentary instructs courts to hold

evidentiary hearings, if necessary, to "ensure that the parties have an adequate opportunity to present relevant information." *Id.* Nothing in the Guidelines suggests that the Commission intended to require trial judges to articulate any particular standard of proof when finding facts in sentencing proceedings.

Prior to the adoption of the Sentencing Guidelines it was clearly established that the government need not prove the facts relied on in sentencing "beyond a reasonable doubt." *See, e.g., United States v. Ehret,* 885 F.2d 441, 444 (8th Cir. Sept. 13, 1989); *United States v. Restrepo,* 832 F.2d 146, 149–50 (11th Cir.1987) (pre-Guidelines) (rejecting preponderance standard; government need only produce "some reliable proof"); *United States v. Lee,* 818 F.2d 1052, 1057 (2d Cir.) (pre-Guidelines) (adopting preponderance standard), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987). The Supreme Court has held that the use of the preponderance of the evidence standard in sentencing proceedings does not violate due process. *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986) ("Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all.").

■■■ The Supreme Court has refused to "constitutionalize" the burden of proof necessary at sentencing proceedings. *Id.* at 92, 106 S.Ct. at 2418. In *Specht v. Patterson,* the Supreme Court stated that

[d]ue process ... requires that [the defendant] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed.

386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967). It is these procedural safeguards, all of which were followed by the District Court in this case, that the Supreme Court has held to be required by the Constitution in sentencing proceedings. The Constitution does not impose a particular standard of proof for factual determinations at sentencing hearings. We therefore are satisfied that the preponderance of the evidence standard used here by the District Court does not violate the Due Process Clause. *Accord United States v. Wright,* 873 F.2d 437, 441–42 (1st Cir.1989) (adopting preponderance of evidence standard for sentence imposed pursuant to Guidelines); *United States v. Silverman,* 692 F.Supp. 788, 791 (S.D.Ohio 1988) (applying preponderance standard but recognizing that "it may be that no particular burden of proof need be established for sentencing proceedings").

### III.

■■■ Keener alone argues that the District Court erred in relying on Mann's testimony to raise his base offense level because there was no evidence that the cocaine sold to Mann was part of the same course of conduct or common scheme as the cocaine sales for which Keener was convicted.

The Sentencing Guidelines state that conduct that is relevant to determining the appropriate guideline range includes "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Federal Sentencing Guidelines § 1B1.3(a)(2), at 1.17. The Commentary to this section explains that

in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.

*Id.* commentary at 1.19.

The finding by the District Court that the sales of cocaine to Mann were part of the same course of conduct as the counts of conviction is a factual determination subject to review under the clearly erroneous standard. *Cf. Ehret,* 885 F.2d at 444 (finding by district court that defendant possessed weapon connected to the conspiracy is a factual determination reviewable under clearly erroneous standard). Having carefully reviewed the record, we cannot say

that the District Court's finding is clearly erroneous. Keener was convicted of distributing cocaine in September, October, and November 1987 and of conspiracy to distribute cocaine. Between March and July 1988, some six months after the transactions charged in the distribution counts, Keener distributed two kilos of cocaine to Mann. The cocaine sales to Mann were drug transactions of a similar character, conducted in the same geographical area within a few months of the offenses of conviction. The sales to Mann demonstrate a pattern of continuous drug activity and the finding that they were part of the same course of conduct or common scheme or plan as the offenses of conviction cannot be said to be clearly erroneous.

## IV.

Finally, Keener and Gooden both argue that their convictions should be overturned because the evidence presented at trial was insufficient to prove them guilty of the offenses charged beyond a reasonable doubt. In reviewing these claims, "we must examine the evidence in a light most favorable to the government, giving it the benefit of all reasonable inferences," and will reverse only if we conclude that a reasonable fact-finder could not have found guilt beyond a reasonable doubt. *United States v. Davis*, 785 F.2d 610, 619 (8th Cir.1986).

■ Keener was convicted on three counts of distribution of cocaine and Gooden on one count of distribution. To uphold these convictions, we must determine that the jury reasonably could have found that (1) appellants intentionally transferred cocaine to Hunter, and (2) at the time of the transfer, appellants knew that it was a controlled substance. *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, Instruction No. 9.24B. The record contains substantial evidence, including the testimony of law enforcement officers who observed Hunter's controlled buys, that Keener knowingly sold cocaine to Hunter on three separate occasions and that Goo-

den participated in selling cocaine to Hunter on at least one occasion.

■ Both appellants were convicted of conspiracy to distribute cocaine. These convictions must stand if we are convinced that the jury reasonably could have found "that there was an agreement among the defendants to achieve some illegal purpose." *United States v. Lewis*, 759 F.2d 1316, 1352 (8th Cir.) (citing *United States v. Grego*, 724 F.2d 701, 704 (8th Cir.1984)), *cert. denied*, 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985). "The essence of a drug conspiracy is agreement by two or more persons to violate narcotics laws" and this agreement may be proved by direct or circumstantial evidence. *United States v. Lee*, 743 F.2d 1240, 1250 (8th Cir.1984). The nature of the offense of conspiracy with its necessary aspect of secrecy often requires that the agreement be implied from the surrounding circumstances. *United States v. Savaiano*, 843 F.2d 1280, 1293 (10th Cir.) (quoting *United States v. Andrews*, 585 F.2d 961, 964 (10th Cir. 1978)), *cert. denied*, —— U.S. ——, 109 S.Ct. 99, 102 L.Ed.2d 74 (1988).

Both Keener and Gooden were present at the November 10 cocaine transaction and both of them discussed the November 10 sale and possible future drug sales with Hunter. Keener and Gooden had previously instructed Hunter to deliver an ounce of cocaine to a buyer in Branson, Missouri, and both of them arrived at Hunter's house weeks later claiming that he owed them the purchase price of the delivered cocaine. These incidents constitute persuasive indirect evidence of an agreement between defendants to distribute cocaine. A careful review of the record convinces us that the evidence is sufficient to support the convictions of Keener and Gooden for both distribution of and conspiracy to distribute cocaine.

The convictions and sentences of Keener and Gooden are affirmed.

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

While I concur in Parts II and IV of the majority opinion, I respectfully dissent

from Part III. In Part III the majority opinion holds that the district court's finding that the sales of cocaine to Mann were part of the same course of conduct or common scheme as the cocaine sales and conspiracy for which Keener was convicted is not clearly erroneous. Op. at 728. If the district court had made such a finding, I would agree that, on the basis of the record in this case, such a finding would not be clearly erroneous. However, the district court did not make such a finding. For this reason, I would reverse Keener's sentence and remand his case to the district court for further fact-finding and resentencing.

Under the Sentencing Guidelines, drugs involved in criminal acts that were not part of the offense for which the defendant was convicted but "were part of the same course of conduct or common scheme or plan as the offense of conviction" must be included in the amount used to calculate the base offense level. Guidelines § 1B1.3(a)(2). At the sentencing hearing the government sought to prove Keener's involvement in additional cocaine sales through the testimony of John Mann. On the basis of Mann's testimony, the district court found, by a preponderance of the evidence, that Keener and Gooden sold Mann two kilos of cocaine sometime during the early months of 1988. Report of Statement of Reasons for Imposing Sentence, Doc. No. 45, at 2, *United States v. Keener*, No. 88–05001–01–CR–SW–4 (W.D.Mo. Nov. 30, 1988).

The district court did not, however, make the further finding that these additional cocaine sales to Mann were part of the same course of conduct or common scheme or plan as the offenses for which Keener was convicted. Finding that the additional cocaine sales were "part of a common scheme or plan or course of conduct" was a prerequisite to adding together the quantities of cocaine. Under Guidelines § 1B1.3(a)(2),

> [s]entence must be based on the sales that were part of one 'common scheme or plan' (such as a single conspiracy) or a single 'course of conduct' (the unilateral equivalent to the conspiracy). Offenses of the same kind, but *not* encompassed in the same course of conduct or plan, are excluded.

*United States v. White,* 888 F.2d 490, 500 (7th Cir.1989) (emphasis in original); *see also United States v. Allen,* 886 F.2d 143, 145–46 (8th Cir.1989). Here, the district court did not address this issue in its statement of reasons, and, unlike the majority, I am unwilling to infer that the district court impliedly made such a finding. In addition, although I agree with the majority opinion that, on the basis of the record in this case, the district court could have found that the additional cocaine sales were part of either the cocaine sales or the conspiracy for which Keener was convicted, Op. at 728–729, such fact-finding is a task for the district court in the first instance.

Although only Keener raised this issue on appeal, the district court also determined Gooden's base offense level on the basis of the additional cocaine sales to Mann. Because the same error undermines the validity of the sentence imposed in each case, in the interests of justice and consistent application of the Sentencing Guidelines, I would reverse both sentences and remand the cases to the district court for further fact-finding and resentencing.