**UNITED STATES of America, Plaintiff,**

v.

**Ira SILVERMAN, Defendant.**

**No. Cr–2–88–28.**

United States District Court,
S.D. Ohio, E.D.

Feb. 26, 1990.

D. Michael Crites, U.S. Atty., Gregory Lockhart, Asst. U.S. Atty., Columbus, Ohio, for plaintiff.

David H. Bodiker, Columbus, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

GRAHAM, District Judge.

Defendant Ira Silverman was sentenced by this court on August 23, 1988 following his plea of guilty to one count of possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), pursuant to a plea agreement entered into by defendant and the government on April 25, 1988. Defendant plead guilty to an offense which occurred on February 15, 1988, and therefore defendant's sentence was governed by the provisions of the United States Sentencing Commission Guidelines.

Defendant pursued an appeal of his sentence to the Sixth Circuit Court of Appeals. In an opinion decided and filed on November 21, 1989, 889 F.2d 1531, the court of appeals remanded this case pursuant to 18 U.S.C. § 3742(f)(1) for further sentencing determinations by this court. First, the court of appeals remanded the case for a clarification of this court's decision to apply a three-point enhancement for defendant's role as a manager or supervisor pursuant to § 3B1.1(b). Second, the court of appeals remanded the case for a determination by this court of whether to accept the plea agreement in accordance with § 6B1.2 of the Guidelines. As a part of this determination, this court was instructed to consider the impact of the plea agreement, if any, on this court's previous decision to include the quantity of cocaine involved in prior acts of the defendant as relevant conduct under § 1B1.3 of the Guidelines for purposes of calculating the base offense level. Third, the court of appeals requested a statement of reasons for the denial of defendant's motion to withdraw his guilty plea.

On February 23, 1990, this court conducted a hearing and heard the proffered evidence of counsel and oral argument on some of the issues raised by the court of appeals. Taking into account the matters discussed at that hearing and the evidence and proceedings before the court at the time of defendant's guilty plea on April 25, 1988 and the sentencing hearing on August 19 and 23, 1988, the court makes the following findings and determinations.

### Role in the Offense

The court has re-examined the evidence of defendant's role in the offense. Under § 3B1.1(b), if a defendant was a manager or supervisor of criminal activity which involved five or more persons, or was otherwise extensive, the offense level is increased by three points. Under § 3B1.1(c), if a defendant was a manager or supervisor of criminal activity involving a group of fewer than five participants, the offense level is enhanced by two points. The court adhers to its previous finding that defendant was a manager and/or supervisor. The court is unable to find that five or more persons were involved in the criminal activity, but the court does find that at least three persons, including the defen-

dant and the Mourning brothers, were participants in the criminal drug activities managed and supervised by defendant. Therefore, a two-level enhancement rather than a three-level enhancement is appropriate in this case.

### Acceptance of Plea Agreement

The court accepts the plea agreement in this case. The court finds, pursuant to § 6B1.2(a) of the Guidelines that the charge to which defendant plead guilty adequately reflects the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing. If defendant had been convicted of Count Two of the indictment, it would have been grouped together with Count One for sentencing purposes. See § 3D1.2(b). This court's finding that acceptance of the plea agreement will not undermine the statutory purposes of sentencing is based on this court's previous determination at the sentencing hearing that the distribution of a kilogram of cocaine by defendant in August of 1987 was a part of the same course of conduct or common scheme or plan as the offense of conviction, and constituted relevant conduct for purposes of determining the applicable guideline range. When this August kilogram is considered in arriving at a sentence, the resulting offense level adequately reflects the seriousness of defendant's actual offense behavior.

This court concluded from the evidence presented at the sentencing hearing and in the presentence investigation report that defendant was a drug dealer of significant proportion, and that his drug distribution activities spanned a period of several months prior to his arrest in February of 1988. These activities included his distribution of the kilogram of cocaine in August of 1987, as well as cocaine distribution activities as early as June of that year which were reported by the government informant. The evidence also indicated that defendant was involved in drug distribution activities at Ohio University in Athens, Ohio during or prior to this period.

■ Upon further consideration of the sentencing information before the court, this court reaffirms its previous factual determination that the August, 1987 sale of one kilogram of cocaine was a part of the same ongoing course of conduct or common scheme or plan as defendant's drug activities which formed the basis for the February 15, 1988 offense of conviction. Indeed, as this court previously noted, the debt created by the August distribution of cocaine played a role in the events of February 15, 1988. This court is not persuaded that the length of time between the August and February acts should alter this factual determination, and notes that acts spanning even longer periods of time than that in the present case have been included in the same course of conduct for purposes of § 1B1.3(a)(2). See *United States v. Allen,* 886 F.2d 143 (8th Cir.1989); *United States v. Mocciola,* 891 F.2d 13 (1st Cir.1989); *United States v. Gooden,* 892 F.2d 725 (8th Cir.1989).

■ Defendant and the government entered into a plea agreement in this case, wherein the government agreed "not to file additional charges against the defendant Ira Silverman based on his activities charged in the indictment or based on other illegal drug transactions in the Southern District of Ohio occurring prior to the date of the indictment and as to which defendant gives testimony or makes statements pursuant to this agreement." The court finds that the government has filed no additional charges against defendant. The court further finds that defendant did not make statements concerning the August, 1987 transaction involving the kilogram of cocaine because he was never debriefed by the government. This is not a case where the government agreed in the plea agreement that any information provided by defendant would not be used against him for purposes of sentencing, but in any event, none of the information before the court concerning the one kilogram transaction was provided by the defendant or the United States Attorney.

This case was remanded for this court to consider the impact of this clause of the

plea agreement on the use of information by this court concerning conduct of the defendant which occurred prior to the acts alleged in the indictment.

Counsel for the government and for defendant proffered to the court the substance of the plea negotiations between the government and defendant. Based on the information presented to the court, the court finds that there was no understanding or commitment on the part of the government, as well as no belief on the part of defendant or his attorney that the plea agreement in any way limited the court's consideration of the prior kilogram transaction. The government agreed to discontinue its investigation and to refrain from attempting to discover additional evidence concerning defendant's activities. The government did not debrief defendant because of its concern that to do so would violate the agreement to cease investigation of defendant's activities. The government did nothing to assist the probation department in its investigation, and did not participate in the presentation of evidence at the sentencing hearing. However, the government made no promises that the information concerning defendant's other activities could not come to the attention of the probation department through the probation department's own investigation. Indeed, defendant was aware at the time he entered into the plea negotiations that the information concerning the one kilogram transaction had been included in the affidavit of the search warrant which was executed on February 15, 1988 and would be within the knowledge of the probation department. Further, the government made no representations that the court would be precluded from considering the additional activities in arriving at a sentence. Defense counsel acknowledged that no one said that the information could not be used or that the court's exercise of discretion could be limited in that regard.

In summary, defendant was aware of the information concerning the kilogram transaction when he entered his plea, and he was given no guarantees or promises that it would not be considered by the court at sentencing, or that the court's discretion in

sentencing would be any way limited. The court finds that no promises were made to defendant that the court was obligated to sentence him within any particular range.

As further support for these findings, the court notes that the plea agreement does not specify that this court was limited to a consideration of the circumstances of February 15, 1988 in arriving at an appropriate sentence. The plea agreement did not provide for a conditional plea, nor did the defendant bargain for a conditional plea. The agreement, which was reduced to writing and signed by the defendant, contained no stipulations of fact, agreements or representations as to the quantity of cocaine to be used in determining the base offense level or as to what the ultimate offense level would be. See *United States v. Williams*, 880 F.2d 804 (4th Cir. 1989).

Defendant entered his plea of guilty on April 25, 1988. At those proceedings, defendant was placed under oath and acknowledged that he understood the maximum statutory penalties for the offense of conviction. (Tr. pp. 4, 7). He stated he understood that the court was not bound by any stipulation of facts between him and the government, and that the court could, with the aid of the presentence report, determine the facts relevant to sentencing. (Tr. p. 8). Defendant was specifically advised that he would be bound by the terms of his plea agreement even if the sentence he received was more severe than he might have expected. (Tr. p. 9). The terms of the plea agreement were read into the record. (Tr. pp. 12–16). Defendant then stated that the terms of the plea agreement were correctly stated by the United States Attorney and that no other promises had been made to him which caused him to plead guilty. (Tr. p. 16). The court concludes that no promises were made to defendant that consideration of other activities as relevant conduct would be precluded, and that defendant had no basis for any expectation that the court could not consider that information.

The court concludes that there are no circumstances present in this case which

would distinguish it from the result in *United States v. Ykema*, 887 F.2d 697 (6th Cir.1989). In *Ykema*, the court held that a promise by the government in the plea agreement to file no additional charges did not preclude consideration of a quantity of cocaine exceeding the "approximately two kilograms of cocaine" alleged in the information. The *Ykema* court stated, *Id.* at 699:

> In the present case, we are persuaded that the only promise between the parties was that the government would not bring additional charges. Although we make no decision as to what the appellant's or his attorney's *actual* expectations were, the words in the plea agreement before us must be interpreted as a reasonable person would interpret the written words.

The court went on to note that § 1B1.8 of the Guidelines provides for plea agreements that exclude from presentence reports any information obtained in violation of the agreement, and stated that "[i]f this is what appellant wished to have in his plea agreement, this is what he should have bargained for." *Id.* at 699. The court also rejected defendant's argument that the court was required to base the offense level on the quantity of cocaine stated in the plea agreement. *Id.*, 699–700.

In this case, the court has heard no evidence from which it could be concluded that the government in any way promised defendant that an amount of cocaine in excess of that possessed by him on February 15, 1988 would not be considered by the court in sentencing. In fact, unlike *Ykema*, no express amount of cocaine was mentioned in the plea agreement here. Defendant was not induced to enter his plea of guilty in reliance on any such representations. This court finds that there was no agreement, either in the plea agreement or otherwise, which would preclude this court from considering the August, 1987 kilogram, and that the agreement of the government in this case to file no additional charges, as in *Ykema*, does not limit such consideration. The court is satisfied that the spirit and intention of the plea agreement has been carried out in the sentence

rendered in this case and that the plea agreement has not been overridden by the court's consideration of prior conduct. The court hereby incorporates into the record the transcript of the guilty plea proceedings, and it shall be filed by the clerk.

### *Motion to Withdraw Guilty Plea*

■ On August 9, 1988, defendant filed a pleading entitled "Motions of Defendant Regarding Hearing For Resolution of Disputed Factors in the Pre–Sentence Report." This motion was addressed by the court during the sentencing hearing, as well as in a written order filed on August 23, 1988, which was subsequently published at 692 F.Supp. 788. In this motion, defendant requested: 1) that the court consider only evidence which would be admissible at trial in sentencing defendant; 2) that the court require proof of sentencing factors by clear and convincing evidence; 3) that the court limit evidence at the sentencing hearing to matters contained in the presentence report and restrict evidence of previous "bad conduct"; 4) that the defendant be permitted to testify without waiving his privilege against self-incrimination; and 5) in the event that any of the foregoing requests were denied, that the defendant be permitted to withdraw his plea of guilty. Defendant renewed his motion to withdraw his plea at the hearing on February 23, 1990.

The factors traditionally considered in deciding whether to permit a defendant to withdraw his guilty plea pursuant to Fed. R.Crim.P. 32 include: 1) whether defendant asserted a defense or consistently maintained his innocence; 2) the length of time between the entry of the plea and the motion to withdraw; 3) why the grounds for withdrawal were not presented to the court at an earlier time; 4) the circumstances underlying the plea, including the background of defendant and whether he has admitted his guilt; and 5) potential prejudice to the government if the motion to withdraw is granted. *United States v. Goldberg*, 862 F.2d 101 (6th Cir.1988). However, this case presents an unusual situation, in that the defendant did not contest his guilt as to the offense on Febru-

ary 15, 1988, but instead sought to restrict the scope of information to be considered for purposes of sentencing, or in the alternative, to withdraw his guilty plea. Defendant denied that he engaged in a course of conduct or scheme or plan involving drug activities other than the February offense. In essence, defendant sought to have the calculation of his guideline sentencing range based solely on the activities of February 15, or to withdraw his plea if the scope of conduct being considered resulted in a guideline range which was higher than he had originally anticipated.

Some of the branches of defendant's motion have been resolved by the court of appeals, which held in its opinion of November 21, 1989 that the applicable standard of proof is the preponderance standard, that under § 6A1.3 of the Guidelines, the court may consider relevant information regardless of its admissibility at trial if satisfied as to its reliability, and that under 18 U.S.C. § 3577, no limitation is placed on the information concerning the background and conduct of the defendant which a court may consider in arriving at a sentence. This court addressed those parts of defendant's motion in its order of August 23, 1988. See *United States v. Silverman,* 692 F.Supp. at 790–791.

Defendant also requested to testify without waiving his privilege against self-incrimination. In considering this branch of defendant's motion, as well as the statements of counsel at the sentencing hearing, the court understood that the defendant wanted to testify to selected matters on direct examination, and then decline to answer relevant questions posed by the government on cross examination by invoking the privilege. The transcript of the proceedings on August 19, 1988, reveals that the court offered defendant the opportunity to testify and the right to object to any questions asked by the government which he felt were improper for any reason. This procedure would have permitted the court to determine whether there had been a waiver of the privilege as to any areas the government sought to cross examine on. Transcript, pp. 46, 47. Defendant at that time declined to present any

evidence. Thus, defendant was given the opportunity to testify and to have his objections to any questions he felt were improper ruled on by the court. The court concluded that defendant had no right to invoke a selective Fifth Amendment privilege at the sentencing hearing. This ruling does not constitute good cause for allowing him to withdraw his plea, and indeed, does not impact on the validity of the plea at all, but rather on the sentencing hearing only.

This court adheres to its original ruling that the acts of defendant involving the kilogram of cocaine constituted a matter which could properly be considered in sentencing the defendant. This result is supported by the decision of the Sixth Circuit Court of Appeals in *United States v. Smith,* 887 F.2d 104 (6th Cir.1989), where the court held that drug quantities involved in a count of the indictment dismissed pursuant to a plea agreement constituted relevant conduct under § 1B1.3. In *United States v. Allen,* 886 F.2d at 145, the court upheld the district court's consideration of quantities of cocaine involved in the same course of conduct as the offenses of conviction even though these additional quantities of cocaine were not alleged in the indictment. See also, *United States v. Gooden, supra; United States v. Sarasti,* 869 F.2d 805 (5th Cir.1989); *United States v. Blanco,* 888 F.2d 907, 911, (1st Cir.1989) [Reference in § 1B1.3(a)(2) to multiple counts rules in § 3D1.2(d) designed only to pick out a certain subset of all crimes, to which the course of conduct/scheme/plan rules apply, not to limit relevant conduct to indicted conduct].

In arriving at the proper sentence in a criminal case, it has always been considered proper for the sentencing judge to consider all of the facts relevant to the defendant's criminal conduct. If a major drug dealer happened to possess only a small quantity of drugs on the date of his arrest, a court was not required to ignore evidence that he regularly dealt in much larger quantities. This court does not believe that Congress intended the sentencing guidelines to require a judge to do so. The sentencing guidelines were intended to

eliminate disparity in sentencing based on subjective factors. Here any disparity is based on relevant facts determined in an evidentiary hearing.

This court concludes, as it did in its order of August 23, 1988, that defendant's legal arguments in regard to sentencing procedures are not well taken, and the denial of defendant's motions does not constitute a valid basis for allowing him to withdraw his plea.

This court has concluded, despite his denial, that sufficient reliable and credible evidence was presented to establish by a preponderance of the evidence that the defendant was involved in the distribution of a kilogram of cocaine in August of 1987, which was a part of the same ongoing course of conduct or common scheme or plan as his drug activities which formed the basis for the February 15, 1988 offense of conviction. The court finds that the defendant's denial does not constitute a sufficient ground for the withdrawal of his plea of guilty, nor does the fact that defendant did not accurately anticipate the scope of conduct which would be relied on in arriving at an appropriate sentence in his case. As previously indicated, on April 25, 1988, defendant acknowledged his understanding of the maximum penalties which could be imposed for the offense to which he plead guilty. (Tr. p. 7). He also stated that he understood that the court could determine the facts relevant to sentencing and was not bound by any stipulation of fact between defendant and the government. (Tr. p. 8).

This court further finds that the information presented to the court on February 23, 1990 does not present a valid ground for permitting defendant to withdraw his plea. Defendant was not misled in the plea negotiations or the plea agreement concerning the information the court could consider in imposing sentence or the manner in which the plea agreement would control the sentencing procedures. He was aware at the time he entered his guilty plea that the probation department might discover the evidence concerning the kilogram transaction, yet he plead guilty with the bare hope,

unsupported by any government promises or representations, that the information would not find its way into the presentence report, and with the knowledge that by pleading guilty, he would halt further government investigation of his activities.

The government did cease its investigations in reliance on defendant's plea, and did not assist the probation department in any way. It was not until August of 1988, when defendant became aware that the probation department had included information concerning the kilogram transaction in the presentence report, that he sought to have this court disregard that information, or in the alternative, to withdraw his plea. Defendant was fully aware that there was no agreement which would preclude this court from considering the evidence of additional activities presented by the probation department. Defendant made a conscious, voluntary decision to enter a plea of guilty knowing that the information concerning the kilogram of cocaine was available to the court, and having no assurances that the information would not be used in sentencing him.

■ In addition, as this court stated in its order of August 23, 1988, the fact that a defendant receives a higher sentence under the guidelines than he anticipated does not constitute grounds in this case to withdraw his guilty plea. See *United States v. Sweeney*, 878 F.2d 68 (2d Cir.1989); *United States v. Ruelas–Armenta*, 684 F.Supp. 1048 (C.D.Cal.1988). Likewise, in *United States v. Fernandez*, 877 F.2d 1138 (2d Cir.1989), the court upheld the validity of defendant's sentence despite defendant's claims that he did not understand when he entered his plea that his sentence could be based upon the full amount of cocaine seized from him rather than the smaller amount specified in the count to which he plead guilty.

For the foregoing reasons, this court previously denied and continues to deny defendant's motion to withdraw his guilty plea.

■ In accordance with this court's conclusion that a two-level enhancement for defendant's role as a manager is appropriate rather than a three-level enhancement,

defendant will be resentenced. The new offense level is 26, with a guideline range of 63 to 78 months. The court has some question as to its jurisdiction at this juncture of the case to resentence defendant. However, in the interest of clarifying the record, the court will resentence defendant to reflect the modification in the offense level. The court has resentenced defendant to a term of 78 months. The court has chosen a sentence at the upper end of the guideline range due to the seriousness of defendant's conduct, the scope of defendant's activities, and the danger of those activities to the community, which danger included the sale of drugs to college students. The remainder of the court's original judgment shall remain the same.