Mary MORPHEW, a/k/a Mary
Shields, Appellant,

v.

UNITED STATES of America, Appellee.

No. 89–2377WA.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1990.

Decided July 25, 1990.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

William M. Cromwell, Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, and MAGILL, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellant Mary Morphew raises several points contending that the District Court[1] erred in accepting the calculations contained in the presentence report to establish the *quantum* of her sentence under the guidelines. We affirm.

Appellant entered a plea of guilty to two counts of wire fraud violative of 18 U.S.C. 1343[2] and was sentenced[3] to 42 months in prison (sheet 2, App. 40); 36 months supervised release (sheet 3, App. 41); fine of $60,962 and special assessment of $100.

This amount includes $1000 on each count to which defendant pleaded and was found guilty, together with costs of incarceration and supervision amounting to $58,962.06 (sheet 6, App. 43). It is to be paid immediately. The blanks regarding ability of defendant to pay interest are not filled in. Restitution to victims of $265,000 is ordered (sheet 7, App. 44).

■ Appellant's first contention that due process requires proof beyond a reasonable doubt of "factual determinations made at sentencing"[4] requires no discussion. It flies in the face of decisions by the Supreme Court in *McMillan v. Pennsylvania*, 477 U.S. 79, 91–92, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986); and of this Court in *U.S. v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989), and *U.S. v. Gooden*, 892 F.2d 725, 727–28 (8th Cir.1989). See also *U.S. v. Papajohn*, 701 F.2d 760, 763 (8th Cir.1983).

Furthermore, in *United States v. Luster*, 896 F.2d 1122 (8th Cir.1990), a panel of this court stated that the Constitution does not impose "a particular standard of proof for factual determinations at sentencing hearings." *Id.* at 1129. The panel subsequently affirmed Luster's sentence because, although the district court did not explicitly state the standard of proof it used, its findings were "adequate ... to make a meaningful review." *Id.* Although the district court in the case at bar did not explicitly state the standard of proof it

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. The Honorable H. Franklin Waters, United States District Judge of the Western District of Arkansas.

2. That section provides

    Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

3. The sentence, signed by Judge H. Franklin Waters, on Sheet 1 of a six page form (AO 245 S) adjudicated defendant guilty of offenses under that section as set forth in Counts 8 and 9 of the superseding indictment of May 18, 1989 (causing wire transfer of funds). It should be noted that this indictment, as incorporated in the record before us on appeal (App. 23–25, 30) is not signed in writing either by the grand jury foreman or by the United States Attorney. Sheet 1 of the sentence refers to sheets 2 through 6. The indictment contained 16 counts, and alleged that appellant Morphew and co-defendant Ronald Nathan Greenberg aided and abetted each other (18 U.S.C. 2).

4. Appellant's brief, p. 11.

used, we note that its findings were also adequate for us to conduct a meaningful review. We therefore reject appellant's due process argument that any particular standard of review is required by the Constitution.

We proceed to examine the District Court's determination of the controlling factors utilized in computing Morphew's sentence. In connection with this calculus it will be helpful to outline the nature of the activities carried on by appellant and her co-defendant.

Stated succinctly, Morphew and Greenberg received large sums of money paid by customers of three companies organized by Morphew and Greenberg which advertised themselves as brokers able to procure venture capital for entrepreneurs. They required applicants to submit a loan proposal accompanied with a "bonding fee" represented as fully refundable if no loan was procured. Under this scheme appellant and her codefendant collected "bonding fees" of more than $250,000.00 but never obtained a single loan for a customer, nor did they refund a penny of the "bonding fees" collected.

■■■ Morphew objects to the determination that she was *"an* organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Guidelines, 3B1.1(a) [italics supplied]. Though co-defendant Greenberg had more experience in such frauds than appellant (he was at the time of the current offense on parole from federal prison for similar wire fraud convictions) the guideline speaks of "an" organizer and the District Court properly concluded that there could be *more than one* organizer in an extensive criminal operation (App. 100). We are unable to regard the District Court's rulings on this issue (and on appellant's other contentions) as clearly erroneous.[5]

■■■ That the scheme was "extensive" is clear. Whether or not there were five or more persons involved, it is plain that an enterprise generating a "take" of over a quarter million dollars can properly be regarded as "extensive."

■■■ It is likewise clear that in calculating the extent of defendant's involvement, for sentencing purposes, the Court is not confined to the amount of money personally taken in and handled by appellant herself. Her contention is unsound. Her efforts aided execution of the fraudulent scheme in many respects. She might properly be regarded as a "junior partner" in the unlawful enterprise. The magnitude of the criminal operation in which she participated must be assessed as a whole.

■■■ Even before the guidelines it was proper to consider whether a defendant was "simply the tip of the iceberg ... in a very substantial criminal operation" and "played an important role in a massive violation of the law. A court is unquestionably free to consider the magnitude of the violation charged and the defendant's role in the violation when imposing sentence." *U.S. v. Miller,* 589 F.2d 1117, 1137, 1139 (1st Cir.1978), a colorful case where the defendant, an unemployed youth, purchased a yacht for cash, and a fouled anchor on his deserted vessel led to discovery of a marked maritime map charting a course to a secluded island (with a deep-water harbor suitable for smuggling) where a huge cache of marijuana was found. *Ibid.,* 1122, 1124.

We are not able to conclude that the District Court's determinations that appellant was an organizer or leader of an extensive criminal activity and that the loss was between $200,001 and $500,000 were plainly erroneous. Hence the offense level was properly raised by 4 levels under Guideline 3B1.1(a) and 7 levels under Guideline 2F1.1(b)(1).

■■■ Likewise the District Court properly raised the offense level by 2 levels under Guideline 3C1.1 for wilfully impeding the administration of justice. Disposition of appellant's contrary contention on this point requires a review of appellant's con-

---

5. Our review of factual sentencing determinations under the guidelines is under the clearly erroneous standard. *U.S. v. Brett,* 872 F.2d 1365, 1371 (8th Cir.1989).

duct in endeavoring to decelerate the course of justice by delaying her trial through the use of false representations regarding Greenberg's illness.

Appellant and codefendant Greenburg were arraigned on March 28, 1989, and trial was set for May 1, 1989. Greenberg sought a continuance for health reasons[6] and on April 21, 1989, the trial for both defendants was postponed until June 26, 1989.[7]

On June 20, 1989, Morphew tried to delay her trial by changing counsel in the middle of the stream and seeking time for her new counsel to prepare. Her original retained counsel filed a motion to withdraw and her new retained counsel filed a motion for continuance, alleging that Greenberg's testimony would exculpate appellant.

Later the Court learned that Greenberg had not undergone the serious brain surgery scheduled for June 21, 1989. Fortuitously, Greenberg's probation officer on a prior conviction happened to see Greenberg driving his jeep, and followed him to appellant Morphew's house, and observed him talking and gesticulating to a group of lawyers helping Morphew prepare her case for trial (App. 72–74, 93–95).

The Court also learned that the proposed surgery (which had been postponed on the basis of a telephone call from Greenberg to his doctor) was elective and not life-threatening (App. 81–82).

The Court accordingly set appellant's trial for June 28, 1989, but before trial appellant pleaded guilty on June 30, 1989, to Counts 8 and 9. The Government dismissed Counts 1–7, and 10–14.

At the sentencing hearing the Court reviewed all of appellant's objections mentioned above, and made findings upholding the presentence report and rejecting appel-

lant's contentions.[8] Counsel agreed that giving effect to the Court's findings (which we are unable to view as plainly erroneous) the correct guideline range is 37 to 46 months (App. 107). The Court accepted the plea agreement (App. 108); denied a downward departure from the guidelines; and imposed the sentence of 42 months (App. 111). The guideline provisions were appropriately applied.

Accordingly the judgment of the District Court is

AFFIRMED.

---

6. Appellant Morphew testified that Greenberg suffered from aneurysm, bladder cancer, and required brain surgery with danger of potential paralysis. App. 54–55.

7. On June 8, 1989, appellant was arraigned on the superseding indictment of May 18, 1989, but the trial date remained the same. On June 20, 1989, Greenberg was granted a continuance, but appellant's trial date was not changed.

8. The Court made findings on impeding the administration of justice (App. 101); on affirmative acceptance of responsibility (App. 101–102); on Morphew's leadership role (App. 100); and as to the magnitude of victims' losses (App. 102–105).