956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James MASON, a/k/a Tone-Tone, Defendant-Appellant.
 No. 91-5537.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1991.
Decided March 10, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-90-154)
 Jane Charnock, Charnock & Charnock, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Phillip B. Scott, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Mason appeals from his sentences for conspiracy to possess with intent to distribute cocaine base and to distribute cocaine base after a jury found him guilty of those offenses. Because we find that the district court's sentencing determinations concerning Mason's relevant conduct, acceptance of responsibility, and aggravating role in the offenses were not clearly erroneous, we affirm his sentences.
 
 
 2
 The offense for which Mason was convicted involved the sale of .09 grams of cocaine base. The probation officer stated in Mason's pre-sentence report, however, that "[a] conservative estimate of the amount of cocaine base attributable to Mason as relevant conduct is 30 grams. The government has witnesses available to testify that Mason is responsible for at least that amount." The government presented several witnesses at sentencing who testified on Mason's drug trafficking operations. One testified that Mason employed him and three or four others to distribute cocaine; another stated that he stole 4.06 grams of cocaine base from Mason. The government also presented evidence that Mason received a package of marijuana while in the recreation area of the jail where he was held after his conviction.
 
 
 3
 The district court determined that Mason's relevant conduct included the amount of cocaine sold in the offense for which he was convicted, the 4.06 grams stolen from him, and the amounts distributed through accomplices. The court held that a total of 34.15 grams of cocaine base was "a part of the same course of conduct as that involved in the two counts of conviction in this case and occurred over a period of some eleven months extending from June, 1989 to May 23, 1990."
 
 
 4
 Types and quantities of drugs not specified in the count of conviction are to be considered in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the offense of conviction. U.S.S.G. § 1B1.3(1)(2); see also United States v. Cusack, 901 F.2d 29, 32-33 (4th Cir.1990); United States v. Williams, 880 F.2d 804, 805-06 (4th Cir.1989). The government must establish such conduct by a preponderance of the evidence, and the district court's determination that other acts of drug distribution were part of the same course of conduct as the offense of conviction is a factual determination subject to this Court's review under the clearly erroneous standard. United States v. Santiago, 906 F.2d 867, 871 (2d Cir.1990); United States v. Gooden, 892 F.2d 725, 728 (8th Cir.1989). Such a finding of fact must be upheld unless this Court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In evaluating "same course of conduct," the sentencing court should consider "such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern." Santiago, 906 F.2d at 872.
 
 
 5
 Mason alleges that the sentencing court erred in assessing his "relevant conduct." The government's evidence showed that Mason distributed crack cocaine daily through Andy Palmer over a six-month period in 1989. Palmer's testimony clearly supported the court's finding that Mason was involved in the distribution of a total of 34.15 grams of cocaine base in the same course of conduct as the offense for which he was convicted. The district court's relevant conduct determination was therefore not clearly erroneous.
 
 
 6
 Mason next alleges that the district court erred when it denied him the offense level reduction for acceptance of responsibility. If a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct" his offense level may be reduced two levels. U.S.S.G. § 3E1.1. To receive the reduction for acceptance of responsibility, a defendant must accept responsibility for all of his criminal conduct, United States v. Gordon, 895 F.2d 932, 936 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990), and must demonstrate by a preponderance of the evidence that he is entitled to the adjustment. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). The determination whether to grant such a reduction under the guidelines is a factual one reviewable under the clearly erroneous standard. Id.
 
 
 7
 Although Mason expressed remorse at his sentencing for the offenses for which he was convicted, he denied knowledge of other drug trafficking activities mentioned in his pre-sentence report and corroborated by witnesses who testified at his sentencing. Thus, the court's determination that Mason "failed to acknowledge the degree to which he has been involved in illicit drug trafficking" is not clearly erroneous, and the court did not err in denying Mason the offense level reduction for acceptance of responsibility.
 
 
 8
 Finally, Mason alleges that the court erred in evaluating his role in the offense. If the defendant was "an organizer, leader, manager or supervisor," his offense level may be increased by two to four levels depending on the extent of the criminal activity and his role in it. U.S.S.G. § 3B1.1. The sentencing court should consider
 
 
 9
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 10
 Id., comment. (n. 3). The trial court's determination that the defendant played an aggravating role in the offense is essentially factual and is subject to the clearly erroneous standard of review. United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 59 U.S.L.W. 3362 (U.S.1990).
 
 
 11
 Based on Palmer's testimony, a preponderance of the evidence presented at Mason's sentencing supported the district court's conclusion that Mason was an "organizer, leader and manager" of drug sales with at least one accomplice and that he "realized the larger share of the fruits of the crime which he directed and controlled." The court's two-level enhancement for Mason's aggravated role in the offenses was not clearly erroneous.
 
 
 12
 Since the district court's findings relating to Mason's sentencing claims were not clearly erroneous and were supported by a preponderance of the evidence presented at the sentencing hearing, we affirm his sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.