959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sonny GRAHAM, Defendant-Appellant.
 No. 91-5017.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 31, 1991
Decided: April 8, 1992
 
 John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sonny Graham appeals from his sentence for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841 and 846 (1988). Because we find not clearly erroneous the district court's conclusion that uncharged drug transactions which occurred several months before the charged offenses was relevant conduct under U.S.S.G. § 1B1.3 (a)(2), we affirm Graham's sentence.
 
 
 2
 Sonny Graham was found guilty of a conspiracy to possess cocaine with intent to distribute which, according to the indictment, began in "early summer, 1989" and lasted through March 1990. The possession of cocaine occurred "on or about late July or early August, 1989." At sentencing, the government offered evidence that Graham sold crack between February and October 1988 and that he purchased crack in the summer of 1988. The government argued that the uncharged drug transactions were "part of an ongoing behavior pattern" which should enhance Graham's offense level under U.S.S.G. § 1B1.3(a)(2). Graham argued that the transactions were too remote in time from the dates in the indictments to be considered relevant conduct under the Guidelines.
 
 
 3
 Though the court noted "the great disparity of time," the court concluded that the transactions were "relevant conduct within the meaning of the sentencing guidelines." The court sentenced Graham to 324 months imprisonment and a five-month supervised release term. Graham noted a timely appeal.
 
 
 4
 In guidelines sentencing for drug convictions, types and quantities of drugs not specified in the count of conviction are to be considered in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the conviction offense. U.S.S.G. § 1B1.3(a)(2); United States v. Cusack, 901 F.2d 29, 32-33 (4th Cir. 1990). The government must establish such conduct by a preponderance of the evidence, and the district court's determination that other acts of drug distribution were part of the same course of conduct as the offense of conviction is a factual determination which this Court reviews under the clearly erroneous standard. United States v. Santiago, 906 F.2d 867, 871 (2d Cir. 1990); United States v. Gooden, 892 F.2d 725, 728 (8th Cir. 1989).
 
 
 5
 The testimony presented by the government tended to establish that Graham engaged in the distribution of crack cocaine several months prior to the dates of his conviction offenses. We therefore hold that the district court's conclusion that such conduct was "part of the common plan or scheme alleged in the indictment" is not clearly erroneous and affirm Graham's sentence.
 
 AFFIRMED