**UNITED STATES of America, Appellee,**

v.

**Ricky GUERRA, Defendant–Appellant.**

**No. 1459, Docket 89–1176.**

United States Court of Appeals, Second Circuit.

Argued Aug. 14, 1989.

Decided Oct. 23, 1989.

The Legal Aid Society Federal Defender Services Unit, New York City (Helen Coa-

dy, New York City, of counsel), for defendant-appellant.

Stephen Fishbein, Asst. U.S. Atty., New York City (Benito Romano, U.S. Atty., S.D. N.Y., Kerri Martin Bartlett, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before MINER and ALTIMARI, Circuit Judges, and KELLEHER, District Judge.[*]

ALTIMARI, Circuit Judge:

The sole issue raised on this appeal concerns the requisite standard of proof to establish "relevant conduct" under the Sentencing Guidelines. Defendant-appellant Ricky Guerra appeals a judgment of the United States District Court for the Southern District of New York (Charles S. Haight, *Judge*) that imposed a sentence on him pursuant to the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991 *et seq.* Defendant was charged in a two count indictment, and pled guilty to Count I, distributing crack in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C). Count II, possessing with intent to distribute an additional quantity of crack, was dismissed pursuant to a plea agreement with the government. The district court sentenced defendant to twenty-one months of imprisonment followed by four years of supervised release. On this appeal, defendant does not dispute the underlying conviction, but instead claims that the district court deprived him of due process. Specifically, defendant contends that in order for the additional crack to be factored as "relevant conduct" under Section 1B1.3 of the Sentencing Guidelines, due process mandates that defendant's intention to distribute be established beyond a reasonable doubt.

For the reasons stated below, we affirm the judgment of the district court.

## BACKGROUND

On August 31, 1988, at approximately 2:20 p.m., Ricky Guerra was standing in

* The Honorable Robert J. Kelleher, *Senior Judge,* United States District Court for the Central District of California, sitting by designation.

front of 201 West 42nd Street, when he was approached by an undercover police officer who indicated interest in purchasing crack. In response, Guerra removed two vials of crack from his mouth, and sold them for twenty dollars to the officer. Ten minutes later, Guerra was arrested at the same location. At the time of his arrest, he had two additional vials of crack in his mouth, and was wearing an electronic beeper. Guerra was charged with two separate crimes. Count One charged him with distributing two vials of crack in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C). Count Two charged him with possessing with intent to distribute the additional two vials in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C).

Subsequently, Guerra entered into a plea agreement with the government. In exchange for his guilty plea to Count One, the second count was dismissed. The guilty plea was accepted by Judge Haight on December 16, 1988, and a pre-sentence report was prepared pursuant to the Sentencing Guidelines. In calculating Guerra's base offense level, the probation officer included the weight of the two vials of crack sold to the undercover officer as well as those found in Guerra's mouth at the time of his arrest, resulting in a base level of 14, see Guidelines § 2D1.1(a)(3). In addition, the probation officer recommended a two-level reduction in recognition of Guerra's acceptance of responsibility, see id. § 3E.1.1(a). As a consequence of his six prior convictions and the fact that this offense was committed less than two years after his release from imprisonment for his last conviction, Guerra received a criminal history category of IV, see id. § 4A1.1. Accordingly, Guerra's sentencing range called for a term of imprisonment from 21 to 27 months.

In a letter dated March 20, 1989, the defendant objected to the pre-sentence report, inter alia, on the ground that factoring the additional two vials of crack into the base offense level amounted to sentencing him for a separate crime that had not been proved beyond a reasonable doubt. He suggested that the appropriate sentencing range, absent the two additional vials, was 15 to 21 months of imprisonment. Immediately before sentencing, a hearing was held before Judge Haight. At the hearing, the defendant did not dispute the facts concerning the initial sale of crack or his subsequent arrest. He maintained, however, that the additional two vials of crack were intended for personal use, not for sale. Since the facts were not controverted, Judge Haight observed: "The reasonable inference to which I am inescapably led is that the two vials in the mouth at the time of arrest were intended for the same sort of distribution that had occurred from the mouth with respect to the other two vials some ten minutes earlier." *Sentencing Transcript* at 3. Rejecting the defendant's position, Judge Haight held that the government had met its burden of proving Guerra's intent to distribute by a preponderance of the evidence.

Judge Haight further held that the additional two vials were correctly factored into Guerra's base level offense as "relevant conduct" pursuant to the Sentencing Guidelines. Quoting from the Guidelines, Judge Haight noted that " 'in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.' " *Sentencing Transcript* at 4, (quoting U.S. Sentencing Comm'n, *Federal Sentencing Guidelines Manual,* § 1B1.3, commentary at 1.19 (rev. ed. 1988) ("*Guidelines Manual*")). Consequently, Judge Haight accepted the recommendation in the pre-sentence report, and imposed a term of imprisonment of 21 months. Thereupon, timely notice of appeal was filed.

## DISCUSSION

Before the advent of the Sentencing Guidelines, it was well settled that sentencing factors need only be proved by a preponderance of the evidence to satisfy the requisite due process. *United States v. Pugliese,* 860 F.2d 25, 28 (2d Cir.1988), cert. denied, —— U.S. ——, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989); *United States v.*

*Lee,* 818 F.2d 1052, 1057 (2d Cir.1987), *cert. denied,* 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1988). *See McMillan v. Pennsylvania,* 477 U.S. 79, 91–93, 106 S.Ct. 2411, 2418–20, 91 L.Ed.2d 67 (1986) (preponderance standard held to satisfy due process in state sentencing proceedings). Although recognizing the constitutional validity of the preponderance standard under the pre-Guidelines law, the defendant now reasserts the argument made in the district court that due process requires a more stringent regimen in this new era of the Guidelines. Specifically, he contends that determinations of "relevant conduct," pursuant to Section 1B1.3 [1], require proof beyond a reasonable doubt, since to employ a more relaxed standard punishes a defendant for a crime of which he has not been convicted. We disagree.

In *McMillan,* the Supreme Court noted that "[s]entencing courts necessarily consider the circumstances of an offense in selecting the appropriate punishment, and we have consistently approved sentencing schemes that mandate consideration of facts related to the crime, [citation omitted], without suggesting that those facts must be proved beyond a reasonable doubt." 477 U.S. at 92, 106 S.Ct. at 2419. The Court reasoned that, in contrast to an element of a crime, a sentencing factor "comes into play only after the defendant has been found guilty ... beyond a reasonable doubt." *Id.* at 86, 106 S.Ct. at 2416. Concerning a sentencing factor, the Court concluded "the preponderance standard satisfies due process." *Id.* at 91, 106 S.Ct. at 2419. Prior to the Court's *McMillan* decision, we had rejected the notion that due process necessitated the reasonable doubt standard at federal sentencing hearings. *United States v. Fatico,* 603 F.2d 1053, 1057 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755

(1980). Based on *McMillan,* we further clarified the due process requirements at sentencing hearings, and adopted the preponderance of the evidence standard for sentencing factors. *Lee,* 818 F.2d at 1057.

We can discern no significant difference between disputes about pre-Guideline sentencing factors under *McMillan* and those concerning "relevant conduct" pursuant to the Guidelines. Consistent with the *McMillan* analysis, several of the Courts of Appeals have, to date, rejected arguments that due process requires the use of the reasonable doubt standard at sentencing hearings under the Sentencing Guidelines. *See, e.g., United States v. Ehret,* 885 F.2d 441 (8th Cir.1989) (rejecting the reasonable doubt standard, and leaving the question of the preponderance standard to future cases); *United States v. Harris,* 882 F.2d 902, 906 (4th Cir.1989) (upholding the preponderance of the evidence standard); *United States v. Wright,* 873 F.2d 437, 441–42 (1st Cir.1989) (rejecting the reasonable doubt standard, and citing with approval the *McMillan* preponderance standard). *Cf. Amendments of the Sentencing Guidelines for the United States Courts,* 54 Fed.Reg. 21348, 21349–350 (May 17, 1989) (WESTLAW, FR database) (proposing the reasonable doubt standard for a special category of conspiracy cases involving multiple object offenses where the jury's verdict does not specify for which offense(s) defendant was convicted, except in the case of offenses that are grouped together under § 3D1.2(d) because § 1B1.3(a)(2) governs consideration of the defendant's conduct).

■ The Sentencing Guidelines neither explicitly mention a standard of proof required for relevant conduct, nor indicate any reason why we must now change the due process calculus simply because the

---

**1.** As it pertains to this case, conduct that is relevant in determining the applicable guideline range includes:

all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to

avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.

*Guidelines Manual* § 1B1.3(a)(1). Alternatively, in narcotics distribution cases, relevant conduct includes "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2).

Congress has decided to provide federal sentencing courts with additional guidance. If, as in this case, a sentencing factor is under dispute, Section 6A1.3(a) of the Guidelines provides:

[T]he parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

*Guidelines Manual.* It follows that upon conviction a defendant must be afforded some opportunity both to contest factors that might enhance the sentence, and to offer evidence in support of factors that might warrant a reduced sentence. *United States v. Urrego–Linares,* 879 F.2d 1234, 1239 (4th Cir.1989). *See United States v. Palta,* 880 F.2d 636, 640 (2d Cir.1989); *United States v. Cervantes,* 878 F.2d 50, 56 (2d Cir.1989). The commentary to Section 6A1.3 elucidates: "The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." *Guidelines Manual,* commentary at 6.2. *See Palta,* 880 F.2d at 641. Thus, the Sentencing Commission has declined to adopt either a burden of proof or particular procedures to govern the resolution of disputed sentencing factors.

■ The defendant, nevertheless, urges us to go beyond the due process contemplated in the Guidelines, by requiring the government prove relevant conduct beyond a reasonable doubt; in effect, defendant entreats us to turn sentencing hearings into "second trial". *See Fatico,* 603 F.2d at 1057. Policy concerns that we enumerated in *Lee* expressly repudiate such an approach. "These concerns include the long history of judicial discretion in sentencing, the strong interest in judicial economy, and the fact that already over-burdened trial courts would be greatly disserved by the time-consuming hearings

that would be constantly called for under any higher standard." *Lee,* 818 F.2d at 1057.

We, therefore, hold that the preponderance of the evidence standard satisfies the requisite due process in determining relevant conduct pursuant to the Sentencing Guidelines.

■ The defendant contends that the district court improperly failed to require that relevant conduct be established beyond a reasonable doubt. Implicit within the defendant's contention is the assumption that the district court erred when it drew the inference regarding his intent to peddle the additional crack. Because we have held the preponderance of the evidence to be the appropriate standard to establish relevant conduct under the Sentencing Guidelines, we reject the defendant's assumption. Although the defendant was provided the opportunity to be heard by letter and at the sentencing hearing, he proffered no evidence in support of his position other than the assertion that the additional crack was for personal use. The facts remain, however, that a mere ten minutes after taking two vials of crack from his mouth and selling it to an undercover police agent in front of 201 West 42nd Street, the defendant was arrested at the same location, discovered to be concealing two more vials of crack in his mouth, and found to be wearing a beeper, a common tool of the drug trade. *See United States v. Zapata–Tamallo,* 833 F.2d 25, 28 (2d Cir.1987). Based on the uncontroverted facts, we conclude that the district court correctly applied the preponderance of the evidence standard when it held that the defendant intended to sell the additional quantity of the drug.

Finally, we note that by the defendant's own calculations, his sentencing range, minus the additional crack, called for 15 to 21 months of imprisonment. Even if the additional crack had not been considered, the actual sentence imposed of 21 months of incarceration would be appropriate pursuant to the Sentencing Guidelines.

## CONCLUSION

For all the foregoing reasons, the judgment of the district court imposing sentence on the defendant is affirmed.