**UNITED STATES of America, Appellee,**

v.

**Bruce Alfred SLEET, Appellant.**

**No. 89–1686.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Jan. 9, 1990.

Rehearing and Rehearing En Banc Denied Feb. 22, 1990.

the arguments of the parties and affirm Sleet's conviction.

In August 1988, Valencia Wesley contacted DEA Special Agent Alan Wilson and informed him that Sleet was looking for prospective purchasers of cocaine. Wesley then arranged an October 13, 1988 meeting where Agent Wilson, acting in an undercover capacity, purchased 26.87 grams of 95% pure cocaine from Sleet for $1,350. The investigation was continued and on October 19, 1988 Valencia Wesley arranged a second meeting where Agent Wilson was to purchase five grams of cocaine from Sleet. At the meeting, Wesley went to Sleet's van and obtained one ounce of cocaine from Sleet which she then gave to Agent Wilson who was waiting nearby in his car. After field testing the cocaine and receiving a positive result, Agent Wilson signalled to other DEA agents to effect Sleet's arrest.

Following the arrest, additional amounts of cocaine were seized from Sleet's person and van. Sleet was told that he could consent to a search of his residence or a federal search warrant would be obtained. Sleet consented to the search which resulted in the seizure of over 8.5 ounces of cocaine from Sleet's residence. Sleet was indicted under 21 U.S.C. § 841(a)(1), and charged only with the 26.87 grams of cocaine involved in the October 13, 1988 transaction.

■ On appeal Sleet argues that the district court improperly considered uncharged conduct in determining his sentence. He objects to the offense level assigned under the Sentencing Guidelines because it included 369.53 grams of cocaine seized at the time of Sleet's arrest on October 19 while no additional charges were brought concerning this cocaine. Based on a total of 396.4 grams of cocaine, the district court assigned a base offense level of 22 under the Guidelines, which carries with it a sentencing range of 41 to 51 months.

Section 1B1.3(a)(2) of the Sentencing Guidelines provides that, in determining the base offense level, the court shall group "all such acts and omissions that

Scott E. Walter, Clayton, Mo., for appellant.

Richard Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Bruce Alfred Sleet was convicted by a jury of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 51 months imprisonment. On appeal, he argues that the district court improperly sentenced him under the Sentencing Guidelines and inaccurately instructed the jury on the law of entrapment. We have carefully reviewed the record and

were part of the same course of conduct or common scheme or plan as the offense of conviction." Additionally, the background note to § 1B1.3 states, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Under our deferential standard of review, whether uncharged drugs are part of a common scheme or plan is a factual finding which will be disturbed only if clearly erroneous. *United States v. Wright*, 873 F.2d 437, 443–44 (1st Cir.1989).

The additional cocaine seized on October 19 was clearly "part of the same course of conduct or part of a common scheme or plan as the count of conviction," and thus, was properly considered in assigning appellant's offense level.

Sleet also argues that the Sentencing Guidelines as applied by the district court violate his due process rights by failing to require that the government prove facts which result in an increase in sentence beyond a reasonable doubt. We find Sleet's argument to be without merit. Pre–Guidelines case law clearly established that the government need not prove the facts used in sentencing beyond a reasonable doubt. *United States v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989).[1] Moreover, the Supreme Court has held that the use of the preponderance of the evidence standard in sentencing proceedings satisfies due process requirements. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986); *United States v. Ehret, supra*, 885 F.2d at 444. We find the reasoning employed by the pre-Guidelines courts to be equally applicable to sentences imposed under the Sentencing Guidelines. *United States v. Guerra*, 888 F.2d 247, 250 (2d Cir.1989).

Finally, Sleet argues that the district court erred in refusing his proffered instructions regarding the defense of entrapment. Specifically, Sleet alleges that the district court failed to instruct the jury that a defendant may not be convicted of the crime if the government or its agents gave the defendant the idea to commit the crime. An examination of the instruction given by the court shows that this is precisely how the jury was instructed:

> Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

It is well established that a defendant is not entitled to a particularly worded instruction. *United States v. Krapp*, 815 F.2d 1183, 1187–88 (8th Cir.), *cert. denied*, 484 U.S. 860, 108 S.Ct. 174, 98 L.Ed.2d 127 (1987). A district court has wide discretion in formulating jury instructions and that discretion is not abused when the instructions as a whole accurately and adequately state the relevant law. *United States v. Wagner*, 884 F.2d 1090, 1096 (8th Cir.1989).

We are convinced that the instructions given by the district court to the jury on the issue of entrapment accurately and adequately stated the relevant law. The district court did not abuse its discretion in declining to give Sleet's proffered instructions.

Based on the foregoing, the judgment of the district court is affirmed.

---

1. In *United States v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989), this court rejected the argument that due process requires the use of the reasonable doubt standard of proof for sentences imposed under the Sentencing Guidelines. The court left open for future decision whether a district court should apply the preponderance standard or any standard of proof at all.