UNITED STATES of America, Appellee,

v.

Carl WEAVER, a/k/a "CK", a/k/a Crip Killer, Appellant.

No. 90–1018.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.

Decided June 21, 1990.

James R. Dankenbring, Clayton, Mo., for appellant.

Steven Holtshouser, St. Louis, Mo., for appellee.

Before MAGILL and BEAM, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Carl Weaver appeals his sentence imposed by the district court.[1] Weaver pleaded guilty to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to knowingly using and carrying a .45 caliber semi-automatic pistol in connection with a drug-related offense, in violation of 18 U.S.C. § 924(c). The district court set Weaver's base offense level at 22, increased it by two levels based upon his possession of a firearm during the commission of the underlying drug-related offense[2] pursuant to Sentencing Guideline § 2D1.1(b)(1), and decreased it by two lev-

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The underlying offense which prompted the court to increase by two Weaver's base offense level was his conviction for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

els based upon his acceptance of responsibility pursuant to § 3E1.1. The district court subsequently imposed a sentence of 46 months on the possession count and 60 consecutive months on the firearms count, for an aggregate term of 106 months.

On appeal, Weaver argues that: (1) the district court's conclusion that he was in possession of a firearm during the commission of the offense is clearly erroneous; and (2) the Sentencing Guidelines violate his right to due process under the Constitution. We reject both arguments and affirm.

■ We accept the sentencing judge's finding that Weaver possessed a weapon during the commission of the underlying drug-related offense unless it is clearly erroneous. *See United States v. Green,* 889 F.2d 187, 188–89 (8th Cir.1989). Weaver was lawfully arrested in the east bedroom of the first floor apartment located at 4174 Shaw, St. Louis, Missouri. The weapon, a loaded sawed-off shotgun, was discovered in the west bedroom along with various drug-related items. The confidential informant, who had originally informed the police of Weaver's drug-related activities, indicated that Weaver resided in the west bedroom. The district court's reliance on this uncorroborated hearsay was permissible because Weaver was given an opportunity to rebut the evidence. *See United States v. Evans,* 891 F.2d 686, 688 (8th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990).

■ Furthermore, Weaver's argument that the government failed to prove that he "possessed" the weapon because ownership was not determined is without merit.[3] *See Green,* 889 F.2d at 188–89 (unloaded handgun with readily available supply of ammunition found in different room of defen-

dant's apartment than cocaine was sufficient for application of § 2D1.1(b)(1)); *see also United States v. Matra,* 841 F.2d 837, 841 (8th Cir.1988) (constructive possession existed where there was dominion or control over premises by defendant on day of arrest).

■ Finally, relying upon *United States v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989), Weaver argues that the Sentencing Guidelines are unconstitutional because they violate due process by transferring sentencing authority from the court to the prosecutor. We have repeatedly rejected such general due process challenges to the Guidelines. *See, e.g., United States v. Brittman,* 872 F.2d 827, 828 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 184, 107 L.Ed.2d 140 (1989). Because we are bound by our prior rulings, we reject Weaver's invitation to reconsider our previous holdings. We affirm.

---

**3.** Surprisingly, Weaver states that in *United States v. Sleet,* 893 F.2d 947 (8th Cir.1990), we adopted "the preponderance of the evidence standard for proving facts in sentencing proceedings." Brief of Appellant at 9. Weaver misinterprets *Sleet.* We merely noted that the Supreme Court has found that the preponderance of the evidence standard does not violate due process. *Id.* at 949. We did not hold that the preponderance of the evidence standard is

required by the Constitution or the Guidelines. In fact, in *United States v. Luster,* 896 F.2d 1122 (8th Cir.1990), we stated that the Constitution does not "'impose a particular standard of proof for factual determinations at sentencing hearings.'" *Id.* at 1129 (quoting *United States v. Gooden,* 892 F.2d 725, 728 (8th Cir.1989)). It is sufficient that the district court's findings are "adequate for us to make a meaningful review." *Id.*