**UNITED STATES of America, Appellee,**

v.

**Michael MARSHALL, Appellant.**

**No. 90–2512.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided Aug. 5, 1991.

Daniel R. Francis, St. Louis, Mo., for appellant; James Bax, St. Louis, Mo., on the brief.

Steven E. Holtshouser and Stephen B. Higgins of St. Louis, Mo., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Michael Marshall pleaded guilty to distributing cocaine and possession with intent to distribute cocaine. He was sentenced to three concurrent sixty month terms of imprisonment. He appeals his sentence arguing that the district court improperly enhanced his offense level for possession of firearms and incorrectly determined his base offense level by including .65 grams of cocaine base in the total quantity of drugs used to determine his sentence under the Sentencing Guidelines. We affirm the district court on the enhancement for possession of a firearm but

remand for further findings regarding the .65 grams of cocaine base.

Marshall was indicted on two counts of distributing cocaine and one count of possessing cocaine. The parties stipulated that during a search of Marshall's residence the police found drugs and four firearms. The police found two twelve gauge shotguns in an upstairs bedroom closet and two pistols between the mattresses. All four guns were loaded. Marshall and Samuel Parrish were arrested. In Marshall's plea agreement, he stipulated that he was pleading guilty to three counts involving 364.93 grams of cocaine, which gave him a base offense level of twenty-two. The district court ordered a Presentence Investigation report ("PSI"). The PSI attributed 432.25 grams of cocaine to Marshall based on a lab report which indicated that .68 grams of the drugs were cocaine base.[1] Based on this amount, Marshall's base offense level was twenty-four. The district court sentenced Marshall to sixty months using a base offense level of twenty-four, enhanced two levels for possession of firearms and decreased two levels for acceptance of responsibility.[2]

Marshall argues on appeal that the district court erred in increasing his offense level for possession of firearms and by including the .65 grams of cocaine base in determining his base offense level. He contends that Parrish possessed the bag containing the .65 grams of cocaine base. He also challenges the lab analysis and the chain of custody of the cocaine.

FIREARMS

■ Marshall argues that the firearms were not connected to the offense. He claims that he used the guns for hunting and that they were not readily accessible because they were in an upstairs bedroom. He asserts that it was "clearly improbable" that the guns were connected to his drug offenses. U.S.S.G. § 2D1.1(b)(1), comment. (n. 3). We find that the district court was not clearly erroneous in enhancing Marshall's offense level for possessing firearms during the commission of the offense. The weapons were loaded and found near drug paraphernalia. *See United States v. Weaver*, 906 F.2d 359, 359–60 (8th Cir. 1990).

DRUGS

■ Because Marshall stipulated to 364.-93 grams of cocaine in his guilty plea, he cannot now challenge who possessed the .65 grams of cocaine base. Marshall can, however, require the government to present reliable evidence proving that the .65 grams were cocaine base. *See United States v. Fortier*, 911 F.2d 100, 103–04 (8th Cir.1990) (remanding for resentencing after defendant challenged drug quantity in PSI and sentencing court failed to ascertain reliability of hearsay statements). The district court in this case could not rely on the hearsay in the lab report as a basis for its decision without establishing the reliability of the statements or finding that an exception to the hearsay rule applied. *Cf. United States v. Brett*, 872 F.2d 1365, 1372 (8th Cir.) (finding chemist's testimony that material was crack cocaine sufficient to support quantity of drugs used in determining sentence), *cert. denied*, —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). The district court's finding that the .65 grams were cocaine base was not supported by a preponderance of the evidence. *See United States v. Streeter*, 907 F.2d 781, 792 (8th Cir.1990) (finding government must introduce sufficient evidence to prove existence of a disputed fact to convince court by a preponderance of the evidence). Therefore, we vacate Marshall's sentence and remand this case back to the district court for further findings concerning the analysis of the .65 grams of cocaine base. On remand, the government must prove by a preponderance of the evidence that the .65 grams of

---

1. The Drug Equivalency Tables contained in the Sentencing Guidelines equate one gram of cocaine base as 100 grams of cocaine. U.S.S.G. § 2D1.1. Marshall only disputes the possession of .65 grams of cocaine base.

2. Marshall's criminal history category was I and the sentencing range was 51 to 63 months. The range would have been 41 to 51 months if the court would have sentenced Marshall based on 364.93 grams of cocaine.

cocaine in dispute were cocaine base and that the quantity of cocaine therefore attributed to Marshall should have been increased from 364.93 grams to 432.25 grams.

Affirmed in part; reversed in part.