Justice White,
dissenting.
Petitioner Larry Kinder presents three issues related to his guilty plea and sentence for conspiring to possess methamphetamine with intent to distribute: (1) the burden of proof at the sentencing hearing; (2) District Court reliance on conduct made *947 the basis of counts dismissed pursuant to a plea bargain; and (3) Fifth Amendment self-incrimination implications of the acceptance of responsibility guideline, United States Sentencing Commission, Guidelines Manual §3E1.1 (Nov. 1992) (USSG). The Courts of Appeals have come into conflict on each of these issues, which reflect important and recurring problems in procedures under the Sentencing Guidelines. For the following reasons, I would grant the petition for certiorari as to each of these issues.
Petitioner was arrested following an undercover investigation into major methamphetamine dealers in the area of Waco, Texas. During the operation, petitioner expressed to an undercover officer that he had not wanted to buy a large amount “‘because he had 17 ounces of methamphetamine on the street and had not collected all of the money from the sale of [it].’ ” 946 F. 2d 362, 365 (CA5 1991). Instead, petitioner, with the assistance of his brother, David,[1] purchased approximately one-half pound (269 grams) of methamphetamine. Following his arrest, petitioner pleaded guilty to a one-count indictment of conspiring to possess more than 100 grams of methamphetamine with intent to distribute. 21 U. S. C. §§846 and 841(a)(1). In exchange for the plea, the Government promised not to prosecute him for any additional offenses. At sentencing, however, when calculating the base offense level, the District Court included, upon recommendation by the Government, the noncharged 17 ounces (481.93 grams) of methamphetamine of which petitioner had spoken. The District Court also declined to grant petitioner a downward adjustment for acceptance of responsibility, in part because he refused to admit to possession of this additional methamphetamine.
A
Before the Fifth Circuit, petitioner asserted that, when including the noncharged amounts of methamphetamine as relevant conduct which raised his base offense level from 26 to 30 points, the District Court relied on evidence lacking sufficient indicia of reliability to meet the dictates of due process. See Townsend v. Burke, 334 U. S. 736, 741 (1948); USSG §6A1.3(a), p. s. (resolution of disputed factors requires information with “sufficient indicia of *948 reliability to support its probable accuracy”). Petitioner argued that his statement was mere “puffery” that lacked corroboration, emphasizing that he made such statements only to engender confidence in his distribution capabilities.
Like most Courts of Appeals, the Fifth Circuit requires district courts to determine their factual findings at sentencing by a preponderance of the evidence, which findings are reviewed on appeal solely for clear error. United States v. Angulo, 927 F. 2d 202, 205 (1991); see also United States v. Blanco, 888 F. 2d 907, 909 (CA1 1989); United States v. Guerra, 888 F. 2d 247, 250-251 (CA2 1989), cert. denied, 494 U. S. 1090 (1990); United States v. Urrego-Linares, 879 F. 2d 1234, 1237-1238 (CA4), cert. denied, 493 U. S. 943 (1989); United States v. Carroll, 893 F. 2d 1502, 1506 (CA6 1990); United States v. White, 888 F. 2d 490, 499 (CA7 1989); United States v. Frederick, 897 F. 2d 490, 491-493 (CA10), cert. denied, 498 U. S. 863 (1990); United States v. Alston, 895 F. 2d 1362, 1372-1373 (CA11 1990). However, at least one Circuit has held, United States v. Kikumura, 918 F. 2d 1084, 1098-1102 (CA3 1990), and two have suggested, United States v. Townley, 929 F. 2d 365, 369-370 (CA8 1991); United States v. Restrepo, 946 F. 2d 654, 661, n. 12 (CA9 1991) (en banc), cert. denied, 503 U. S. 961 (1992); Restrepo, 946 F. 2d, at 661-663 (Tang, J., concurring), id., at 664-679 (Norris, J., dissenting), that a clear-and-convincing-evidence standard is appropriate when the relevant conduct offered at sentencing would dramatically increase the sentence.[2] Cf. id., at 663-664 (Pregerson, J., dissenting) (advocating beyond-reasonable-doubt standard). However, even these Circuits recognize that the preponderance standard ordinarily pertains. See United States v. McDowell, 888 F. 2d 285, 290-291 (CA3 1989); United States v. Sleet, 893 F. 2d 947, 949 (CA8 1990); United States v. Wilson, 900 F. 2d 1350, 1353-1354 (CA9 1990).
*949 In a marginal case, such a difference in the standard of review could well prove dispositive, especially where, as in the Fifth Circuit, “[a] defendant who objects to the use of information bears the burden of proving that it is ‘materially untrue, inaccurate or unreliable.’” 946 F. 2d, at 366 (quoting Angulo, supra, at 205). The Sentencing Guidelines do not explicitly adopt a standard of proof required for relevant conduct, and we have not visited this issue since its new procedures took effect in November 1987. See McMillan v. Pennsylvania, 477 U. S. 79, 91-93 (1986) (preponderance standard for sentencing enhancements satisfies due process). The burden of proof at sentencing proceedings is an issue of daily importance to the district courts, with implications for all sentencing findings, whether they be the base offense leyel, specific offense characteristics, or any adjustments thereto, or even to those facts found to warrant departure altogether. The resolution of disputed matters at sentencing obviously has serious implications for both the defendant and the Government, as it controls the length of sentence actually to be imposed. I would grant certio-rari to clarify the applicable standards under the new sentencing regime.
B
Petitioner also argued that the Government violated his plea agreement not to prosecute him for additional offenses by recommending inclusion of the additional 17 ounces of methamphetamine in sentencing.[3] The Fifth Circuit rejected this argument, finding the Government to have kept its promise by prosecuting only the 269 grams involved in the actual sale. "Inclusion of the other 17 ounces in sentencing,” the Fifth Circuit held, “is not equivalent to prosecution.” 946 F. 2d, at 367 (citing United States v. Rodriguez, 925 F. 2d 107, 112 (CA5 1991)); see also United States v. Kim, 896 F. 2d 678, 684 (CA2 1990); United States v. Frierson, 945 F. 2d 650, 654-655 (CA3 1991), cert. denied, 503 U. S. 952 (1992); United States v. Smallwood, 920 F. 2d 1231, *950 1239-1240 (CA5), cert. denied, 501 U. S. 1238 (1991); United States v. Jimenez, 928 F. 2d 356, 363-364 (CA10), cert. denied, 502 U. S. 854 (1991); United States v. Salazar, 909 F. 2d 1447, 1448-1449 (CA10 1990); United States v. Scroggins, 880 F. 2d 1204, 1212-1214 (CA11 1989). The Fifth Circuit also rejected petitioner’s argument that the Government misrepresented that his base offense level would be based only on 269 grams, finding instead that the guilty plea was voluntary because the District Court informed him of the maximum possible statutory punishment he faced. 946 F. 2d, at 367 (citing United States v. Pearson, 910 F. 2d 221, 223 (CA5 1990), cert. denied, 498 U. S. 1093 (1991)). To the contrary, the Ninth Circuit has several times held that the Government may not introduce counts dismissed as part of a plea bargain in order to increase the sentence. United States v. Faulkner, 952 F. 2d 1066, 1069-1071 (1991); United States v. Fine, 946 F. 2d 650, 651-652 (1991); United States v. Castro-Cervantes, 927 F. 2d 1079, 1081-1082 (1991).
The issue is of considerable importance. Petitioner pleaded guilty to conspiring to possess more than 100 grams of methamphetamine with intent to distribute, and with that plea he could expect a mandatory minimum sentence of 10 years’ imprisonment, with the possibility of a life term. 21 U. S. C. § 841(b)(1)(A)(viii) (1988 ed., Supp. II). As to this substantive count of conviction, there is no distinction to be drawn between 269 grams and 751 grams of methamphetamine. But as to sentencing, the distinction is of the utmost importance, because where the exact sentence will fall between 10 years and life depends largely on the base offense level, USSG §2D1.1(a)(3), which derives solely from the amounts listed in the Drug Quantity Table. Compare §2D1.1(c)(7) (base offense level 30 for “[a]t least 700 G but less than 1 KG of Methamphetamine”) with §2D1.1(c)(9) (base offense level 26 for “[a]t least 100 G but less than 400 G of Methamphetamine”). The question is whether a plea bargain that deletes conduct from the offense of conviction nevertheless permits that conduct to be fully punished in the sentence for the conviction from which the conduct was supposedly deleted. Because this substantial issue frequently recurs, and because of the apparent conflict in the Circuits, I would grant certiorari on this issue as well.
*951 C
Finally, petitioner argued that the District Court erred in refusing to reduce his base offense level for acceptance of responsibility. See USSG §3E1.1. The Fifth Circuit.affirmed the District Court, finding, inter alia, that he “ha[s] denied [his] culpability for any criminal conduct beyond the specific offense charged,” and specifically that he “continue^] to deny any involvement in the extra 17 ounces.” 946 F. 2d, at 367. Petitioner protests that requiring him to admit to incriminating conduct abridges the protections of the Fifth Amendment. The Fifth Circuit has disagreed with this assertion, see United States v. Mourning, 914 F. 2d 699, 706-707 (1990), as have the Fourth and Eleventh Circuits, see United States v. Gordon, 895 F. 2d 932, 936-937 (CA4), cert. denied, 498 U. S. 846 (1990); United States v. Henry, 883 F. 2d 1010, 1011-1012 (CA11 1989). Firmly to the contrary are the First, Second, and Ninth Circuits, which have determined that conditioning the acceptance of responsibility reduction on confession of uncharged conduct denies the defendant his right against self-incrimination. United States v. Perez-Franco, 873 F. 2d 455 (CA1 1989); United States v. Oliveras, 905 F. 2d 623 (CA2 1990); United States v. Piper, 918 F. 2d 839, 840-841 (CA9 1990). See also United States v. Frierson, supra (§3E1.1 implicates Fifth Amendment protections, but defendant must invoke the privilege and not simply lie in response to questioning regarding related conduct); United States v. Rogers, 899 F. 2d 917, 924 (CA10) (dictum approving Perez-Franco), cert. denied, 498 U. S. 839 (1990).
Amendments to this Guideline have not mended the split between the Circuits. Cf. Braxton v. United States, 500 U. S. 344 (1991). In any event, this is not a question of the mere application or simple interpretation of this Guideline, but is instead a recurring issue of constitutional dimension, where the varying conclusions of the Courts of Appeals determine the length of sentence actually imposed. I would also grant certiorari on this issue.

 David Kinder’s petition for certiorari, No. 91-6659, presented the same issues raised by his brother here, and was denied on April 20, 1992, 603 U. S. 987.

 Whether any Circuit would consider petitioner’s heightened exposure here “dramatic” is open to question. Petitioner had a criminal history category of IV. Brief in Opposition 4. Looking only to the increase in the unadjusted base offense level from 26 to 30 shows an increase in his Guideline range from 92-115 to 135-168 months of imprisonment. In real terms, then, the District Court’s acceptance of the controverted statement as probative evidence for sentencing purposes exposed petitioner to roughly four additional years’ imprisonment — a 50% increase. Cf. United States v. Kikumura, 918 F. 2d 1084, 1102 (CA3 1990) (12-fold, 330-month departure from the median of an applicable Guideline range).

 Petitioner’s plea bargain in pertinent part stated: “‘In exchange for Defendant’s plea, the United States Attorney agrees to refrain from prosecuting Defendant for other Title 21, United States Code, violations of which the United States is now aware, which may have been committed by the Defendant in the Western District of Texas. That is, this action now pending is the extent of the Federal prosecution against the Defendant in the Western District of Texas based upon all facts at hand.’ ” Pet. for Cert. 16 (emphasis omitted).