982 F.2d 292
 UNITED STATES of America, Appellee,
v.
Kimberly C. CHATMAN, also known as Kimberly P. Parker, also
known as Kimberly Terrell, also known as Terrell
Parker, also known as Kimberly Taylor, Appellant.
 No. 92-2274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 15, 1992.
Decided Dec. 28, 1992.
 
 Kirk E. Naylor, Jr., Lincoln, NE, for appellant.
 Janice Lipovsky, Sp. Asst. U.S. Atty., Lincoln, NE, for appellee.
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Kimberly C. Chatman appeals from a final judgment entered in the District Court[1] for the District of Nebraska sentencing her to seventy months imprisonment following her guilty plea to distributing crack cocaine within 1,000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 860(a). For reversal, she argues that, in calculating her offense level, the district court improperly concluded that her possession of 4.58 grams of crack cocaine was part of the "same course of conduct or common scheme or plan as the offense of conviction." See U.S.S.G. § 1B1.3(a)(2). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Pursuant to a plea agreement, Chatman pleaded guilty to one count of distributing crack cocaine within 1,000 feet of a school, and a second similar count was dismissed. The parties agreed that related state charges would also be dismissed; however, the parties agreed that the drugs involved in those state charges, as well as the crack cocaine involved in count two of the federal indictment, "[would] be included for sentencing purposes."
 
 
 3
 According to the presentence report (PSR), an undercover officer purchased on June 6, 1991, one "rock" (.27 gram) of crack cocaine from Chatman at a Lincoln, Nebraska apartment, which was determined to be within 1,000 feet of a public school. Chatman retrieved the crack cocaine from a plastic bag which she had in her overalls, and the officer gave Chatman $100. Chatman told the officer that she did not use crack cocaine, but she did sell it.[2] On June 12, 1991, the officer returned to the apartment and purchased two "rocks" (.36 gram) of crack cocaine that Chatman retrieved from a plastic bag in her pocket. The officer again gave Chatman $100. On June 13, 1991, another officer arrested Chatman for misdemeanor theft. He searched her purse and found a plastic bag containing approximately forty "rocks" (4.58 grams) of crack cocaine and $133 in cash.
 
 
 4
 In computing Chatman's offense level, the probation officer included the weight of the crack cocaine involved in the two distributions to the undercover officer (.63 gram), the crack cocaine found in Chatman's purse following her arrest for misdemeanor theft (4.58 grams), and marijuana that had been seized in the apartment (498.3 grams of marijuana converted to less than .01 gram of crack cocaine). Chatman objected to the inclusion of the 4.58 grams of crack cocaine in determining her base offense level on the ground that there was no evidence that she intended to distribute it.
 
 
 5
 Prior to sentencing, the district court issued tentative findings on the objection. The district court found that the 4.58 grams of crack cocaine found in Chatman's purse was part of the same course of conduct or common scheme or plan as the offense of conviction. The district court also found that the crack cocaine found in Chatman's purse was the subject of state charges against her, and thus, under the plea agreement, was properly included in calculating her sentence under the Guidelines. The district court indicated that objections to its tentative findings could be made at the sentencing hearing. No further objections were made. The district court thus adopted its earlier findings.
 
 
 6
 Chatman argues that the district court erred in concluding that possession of the 4.58 grams of crack cocaine was part of the same course of conduct or common scheme or plan as the offense of conviction: the forty "rocks" found in her purse on June 13 were "not individually bagged as if prepared for sale like that purchased by the undercover officer," and there was no significant amount of cash or other evidence discovered during the search to suggest that the drugs were possessed for sale. Chatman also argues the district court erred in concluding that the plea agreement authorized inclusion of the 4.58 grams in the Guidelines calculation; i.e., she did not agree that quantities of drugs involved in the state charges could be used to increase her offense level without proper application of the Sentencing Guidelines.
 
 
 7
 In a drug distribution case, quantities and types of drugs that are not specified in the count of conviction are properly included in the offense level calculation if they " 'were part of the same course of conduct or part of a common scheme or plan as the count of conviction.' " United States v. Sleet, 893 F.2d 947, 949 (8th Cir.1990) (quoting U.S.S.G. § 1B1.3, comment. (backg'd)). The district court should consider the "similarity, regularity, and temporal proximity" of the conduct in determining whether it is part of the same course of conduct or common scheme or plan. United States v. Hahn, 960 F.2d 903, 910 (9th Cir.1992) (footnote omitted). The district court's determination of whether uncharged conduct is part of a common scheme or plan is a factual finding which may be reversed only if it is clearly erroneous. See United States v. Sleet, 893 F.2d at 949.
 
 
 8
 We conclude the district court did not clearly err in determining that Chatman's possession of the 4.58 grams of crack cocaine was part of the same course of conduct or common scheme or plan as the crack cocaine distribution offense for which she was convicted. The record supports the district court's finding that Chatman held this crack cocaine for purposes of sale. She did not use the crack cocaine herself, $133 in cash was found in her purse along with the crack cocaine, and she had sold crack cocaine on at least two occasions during the week prior to the seizure of the 4.58 grams. Additionally, in all three instances, the crack cocaine was located in a plastic bag kept on Chatman's person.
 
 
 9
 Because inclusion of the 4.58 grams in calculating Chatman's base offense level was proper under the Guidelines, we need not determine whether the district court properly concluded that the plea agreement also authorized the inclusion.
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 According to a drug evaluation report, Chatman had not used cocaine in the past five to six years