986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Donald Ray BONNER, Appellant.
 No. 92-2926.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 19, 1993.
Filed: March 1, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Ray Bonner appeals the 150-month sentence imposed by the district court following his guilty plea to three counts of possession and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.
 
 
 2
 The sole issue raised in this appeal is whether the district court's finding that Bonner constructively possessed a weapon in connection with the offense, enhancing Bonner's sentence by two levels, is clearly erroneous.[1] See United States v. Weaver, 906 F.2d 359 (8th Cir. 1990). Bonner contends that the district court clearly erred in finding a probable connection between the drug offense and the loaded revolver found in his bedroom closet. After a careful review of the record, we find that because of the gun's proximity to the drugs and drug paraphernalia, and because Bonner knew of the gun and had control over it, the district court's finding with respect to constructive possession is not clearly erroneous. See United States v. Luster, 896 F.2d 1122 (8th Cir. 1990). Accordingly, we affirm.
 
 
 
 1 U.S.S.G § 2D1.1(b)(1) provides that if a dangerous weapon, including a firearm, was possessed during the commission of a drug offense, the base offense level of the offender must be increased two levels.