991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Gary W. SMITH, Appellant.
 No. 92-3297.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: April 23, 1993.
 
 Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary W. Smith appeals the twenty-seven-month prison sentence imposed on him by the district court[1] following his guilty plea to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in including drugs from dismissed counts in calculating his base offense level, and that application of U.S.S.G. § 1B1.3 violated his constitutional rights to a jury trial and to proof of his guilt beyond a reasonable doubt. We affirm.
 
 
 2
 In four separate counts, Smith was charged with distributing crack cocaine. According to the presentence report (PSR), on March 11, 1992, an undercover officer purchased .24 grams of crack cocaine from Smith at his residence (Count I); on March 12, 1992, the same officer purchased .19 grams of crack cocaine from Smith at his residence (Count II); on March 17, 1992, an individual who was cooperating with law enforcement officers purchased .20 grams of crack cocaine from Smith (Count III); and on March 27, 1992, the same cooperating individual purchased .09 grams of crack cocaine from Smith at his residence (Count IV). Pursuant to a plea agreement, Smith pleaded guilty to count I, and the remaining counts were dismissed. In computing Smith's offense level, however, the probation officer included .72 grams of crack cocaine-the total amount of the drug involved in the four transactions. Smith objected to the inclusion of the crack cocaine involved in the dismissed counts.
 
 
 3
 Relying on United States v. Galloway, 976 F.2d 414 (8th Cir. 1992), cert. denied, 61 U.S.L.W. 3620 (U.S. Mar. 8, 1993) (No. 92-6911), the district court overruled Smith's objection. With a total offense level of 14 (base offense level of 16 minus two levels for acceptance of responsibility) and a criminal history category of III, Smith's Guidelines range was 21 to 27 months. The district court sentenced Smith to twenty-seven months imprisonment and two years supervised release.
 
 
 4
 Conduct relevant to charges dismissed pursuant to a plea agreement may be considered by the district court at sentencing. See United States v. Williams, 879 F.2d 454, 457 (8th Cir. 1989). In a drug distribution case, quantities and types of drugs that are not specified in the count of conviction are properly included in the offense level calculation if they " 'were part of the same course of conduct or part of a common scheme or plan as the count of conviction.' " United States v. Sleet, 893 F.2d 947, 948-49 (8th Cir. 1990) (quoting U.S.S.G. § 1B1.3, comment. (backg'd)). The district court should consider the "similarity, regularity, and temporal proximity" of the conduct in determining whether it is part of the same course of conduct or common scheme or plan. United States v. Hahn, 960 F.2d 903, 909-10 (9th Cir. 1992). The district court's determination of whether uncharged conduct is part of a common scheme or plan is a factual finding which may be reversed only if it is clearly erroneous. See Sleet, 893 F.2d at 949. We conclude the district court did not clearly err in including the crack cocaine involved in the dismissed counts. The four drug transactions were similar in nature, occurred in the same location, and occurred within a three-week period.
 
 
 5
 We reject Smith's argument that the relevant-conduct Guideline violates his constitutional rights. See United States v. Galloway, 976 F.2d at 425 (because uncharged crimes are treated as sentencing factors, rights to indictment, jury trial, and proof beyond reasonable doubt do not come into play).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas