26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony Wilson KINGSBERRY, Defendant-Appellant.
 No. 93-4108.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1994.
Filed: May 26, 1994.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 
 PER CURIAM
 
 1
 Kingsberry appeals his convictions for 1) conspiring to distribute cocaine base, 2) possessing cocaine base with intent to distribute, 3) distributing cocaine base, 4) possessing a firearm in connection with these crimes, and 5) being a felon in possession of a firearm.[1] He also appeals the sentence imposed by the district court.[2] We affirm his convictions and sentence.
 
 
 2
 Kingsberry contends his convictions must be reversed because the district court rejected seven proposed instructions detailing his theories of defense; namely, that he was merely present at the scene of the crimes and associating with the other members of the conspiracy, but was not a participant in any of the crimes. Without deciding whether Kingsberry's proposed instructions accurately stated the law, we hold that no error was committed. "It is well established that a defendant is not entitled to a particularly worded instruction. A district court has wide discretion in formulating jury instructions and that discretion is not abused when the instructions as a whole accurately and adequately state the relevant law." United States v. Sleet, 893 F.2d 947, 949 (8th Cir. 1990) (citations omitted). Although Kingsberry contends that four of his proffered instructions were necessary to "explain" the court's instructions, he does not contend that the court's instructions were incorrect, confusing, or otherwise deficient. Moreover, the court's instructions provided adequate avenues through which Kingsberry could present his theory of defense to the jury. Cf. United States v. Long, 977 F.2d 1264, 1272 (8th Cir. 1992). Accordingly, the court did not abuse its discretion in rejecting Kingsberry's proposed instructions.
 
 
 3
 With regard to his sentence, Kingsberry contends the district court erred in concluding that he was a career offender pursuant to Sec. 4B1.1 of the Sentencing Guidelines. Section 4B1.1 provides that a defendant is a career offender if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Kingsberry concedes that he was convicted in New York for three prior felonies that constituted crimes of violence, but contends that these convictions are considered related because they were consolidated for sentencing. Although Application Note 3 to section 4A1.2 of the guidelines[3] provides that "prior sentences are considered related if they resulted from offenses that ... (3) were consolidated for trial or sentencing," that same Application Note also states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." The record clearly demonstrates that Kingsberry's three prior violent offenses were separated by arrests; accordingly, the district court correctly concluded that the offenses were not related and that Kingsberry was a career offender.
 
 
 4
 Finding no abuse of discretion in the court's refusal to utilize Kingsberry's proffered defense instructions and no error in its application of the Sentencing Guidelines, we affirm Kingsberry's convictions and sentence.
 
 
 
 [1]
 The facts giving rise to these charges are not relevant to the issues on appeal. In the interest of brevity, we shall not detail them
 
 
 [2]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri
 
 
 [3]
 Section 4A1.2 is relevant by virtue of Application Note 4 to Sec. 4B1.2