29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Samuel K. COULTER, Appellant.
 No. 94-1500.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: July 6, 1994.
 
 Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WELLFORD,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Samuel K. Coulter appeals his conviction for interfering with a search, in violation of 18 U.S.C. Secs. 2 and 2232(a). We affirm the judgment of the district court.[1]
 
 I.
 
 2
 On July 7, 1993, a United States postal inspector, with the assistance of the Greene County Sheriff's Department, performed a controlled delivery of an express mail parcel containing methamphetamine. David Mendoza, to whom the package was addressed, was arrested after he signed for the package and exited the Springfield, Missouri, post office carrying it. After his arrest, Mendoza identified Coulter as the end receiver of the package and agreed to cooperate in a controlled delivery of the package to Sharon Mace's residence, where Coulter had instructed Mendoza to deliver the package. The postal inspector observed Mendoza enter Mace's residence with the package and exit a few minutes later without it. Mendoza then informed the postal inspector that Coulter knew that something was going on and that the police had better hurry in. Mendoza testified at trial that while he was inside Mace's residence he had written a note to Coulter warning that the "[p]olice are coming to bust you, get rid of the stuff."
 
 
 3
 After Mendoza left Mace's residence, Mace and Coulter flushed the contents of the package down the toilet.[2] Within minutes after Mace and Coulter exited the bathroom, the police entered the residence. Mace consented to a search of the residence. Officers searched the entire residence but found no trace of the package or its contents. Following a jury trial, Coulter was convicted of interfering with a search.
 
 II.
 
 4
 Coulter argues that the evidence was insufficient to support his conviction for interference with a search. We will reverse a conviction only if, viewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences, a reasonable fact finder could not have found the defendant guilty beyond a reasonable doubt. United States v. Ojeda, No. 93-2875, slip op. at 4(8th Cir. May 12, 1994). Section 2232(a) provides, "Whoever, before ... seizure of any property by any person authorized to make searches and seizures, in order to prevent the seizure or securing of any goods, wares, or merchandise by such person, ... destroys, ... the same, shall be fined not more than $10,000 or imprisoned not more than five years, or both." Coulter does not dispute that he participated in the destruction of the contents of the Express Mail parcel; rather, he contends that the evidence does not establish that he did so with the knowledge that a search was about to occur.
 
 
 5
 The record, however, contains ample evidence for the jury to conclude that Coulter knew that a search might soon occur. According to Mace and Amber Wosika, who was present at Mace's residence when Mendoza delivered the package, Coulter saw the warning note. Although Coulter denied seeing the note, he admitted that Mendoza had mouthed to him that the police were coming. Wosika also testified that the occupants were rushing to leave the residence when the police arrived because it was obvious that there was going to be a raid. Therefore, we find that the record contains sufficient evidence to support the conviction for interference with a search.
 
 
 6
 Coulter also argues that the district court erred in instructing the jury. A defendant is not entitled to a particularly worded instruction. United States v. Sleet, 893 F.2d 947, 949 (8th Cir. 1990). If the instructions, viewed as a whole, adequately state the applicable law, we will not find that the district court has abused its discretion in instructing the jury. United States v. Gruenberg, 989 F.2d 971, 975-76 (8th Cir.), cert. denied, 114 S. Ct. 204 (1993). Having reviewed the instructions in the light of these standards, we find Coulter's argument to be without merit.
 
 
 7
 The conviction is affirmed.
 
 
 
 *
 The HONORABLE HARRY W. WELLFORD, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 At trial, Coulter claimed that he put the contents of the package down the kitchen drain rather than flushing them down the toilet. How the contents of the package were disposed of is not relevant, however, for Coulter does not dispute that he destroyed them